IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation,<br><br>Defendant. | Case No. 2:18-cv-01135-AJS |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, MOTION FOR CLASS CERTIFICATION, AND MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Plaintiff" or "Stone"), individually and on behalf of a class of similarly-situated individuals, moves the Court for an Order entering default judgment against Defendant PC Shield, Inc. ("Defendant" or "PC Shield"), certifying the proposed Class of similarly situated individuals, and granting leave to conduct limited discovery. In support of its motion, Plaintiff states as follows:

1.   On August 27, 2018, Plaintiff bought this class action lawsuit pursuant to of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act")—challenging Defendant's practice of sending unsolicited fax advertisements.

2.   On September 22, 2018, Plaintiff served a copy of the Complaint and Summons on Defendant's agent for service of process, Brandie M. Jordan (aka Brandie M. Law), which placed Defendant's deadline to respond to Plaintiff's complaint on October 15, 2018. (*See* Dkt. 6.)

3. To date, Defendant has neither responded to Plaintiff's complaint nor has it reached out to Plaintiff's counsel.

4. Accordingly, on October 30, 2018, the Clerk of Court, pursuant to Rule 55(a), entered default against Defendant. (*See* Dkt. 8.)

Default Judgment

5. The Court should enter default judgment against Defendant because all of the following prerequisites are met: (1) the *Chamberlain* factors weigh in favor of default; (2) the Court properly possesses jurisdiction to render judgment; (3) Plaintiff sufficiently stated a claim for relief; and (4) damages are reasonable and ascertainable.

6. Absent an entry of default judgment, Plaintiff and the Class would suffer substantial prejudice and would be left with no recourse against Defendant's unlawful actions. Further, because Defendant has not responded to Plaintiff's complaint, there are no defenses for the Court to consider. Finally, Defendant's failure to respond was the result of culpable conduct because it was timely served, had sufficient opportunity to respond, and subsequently chose to ignore its obligation to defend itself altogether.

7. This Court also has jurisdiction over both the subject matter of the case as well as personal jurisdiction over the Defendant. This Court possesses subject matter jurisdiction under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d)(1) as this case arises under the JFPA, a federal statute, and because the alleged class consists of over 100 individuals, is minimally diverse, and over $5 million is in controversy. Additionally, the Court has personal jurisdiction over the Defendant because Defendant knowingly targeted its actions towards the State of Pennsylvania and was properly served by Plaintiff.

8. Plaintiff has sufficiently stated a plausible claim for relief. That is, Plaintiff alleged that Defendant has sent unsolicited fax advertisements to Plaintiff and the Class. (*See* "PC Shield Fax," a copy of which is attached as Ex. A to Plaintiff's memorandum in support of the instant motion.) Further, Plaintiff alleged that the faxes were sent without the recipients' consent and that none of the exceptions to the JFPA apply.

9. Finally, Plaintiff requests the minimum statutory damages of $500 *per fax* sent to the Class. Plaintiff is not currently able to specify the exact total damages owed to the Class at this time and, therefore, seeks leave to conduct limited discovery related to damages.

## Class Certification

10. The Court should also find that the requirements of Rule 23 are met and certify the Class.

11. The proposed Class meets the requirements of Rule 23(a):

    a. The Class is so numerous that joinder of all members is impractical;

    b. There are questions of law and fact common to the class;

    c. Plaintiff's claims are typical of the Class's; and

    d. Both Plaintiff and its counsel have no interests adverse to the Class and are adequate representatives.

12. Next, the Court should find that Defendant has acted or refused to act on grounds generally applicable to the Class so as to justify certification pursuant to Rule 23(b)(2).

13. The Court should also find that the requirements to certify a Class pursuant to 23(b)(3) are satisfied as well because common questions of law and fact predominate and the class action mechanism is superior to all other available methods of adjudication.

14. For the reasons stated above, the Court should certify the following Class:

3

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf an unsolicited telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax Plaintiff.

15. The Court should appoint Patrick Peluso as class counsel and Plaintiff Stone as the class representative.

### Further Matters

16. Plaintiff also requests that the Court grant leave to conduct limited discovery regarding damages and any other aspect of this motion that the Court deems inadequate. Specifically, Plaintiff seeks leave to serve written discovery requests upon Defendant as well as to serve third-party discovery in the form of subpoenas.

17. Finally, for the reasons set forth in this Motion and the accompanying memorandum in support of, Plaintiff requests that the Court grant its Motion for Default Judgment, Motion for Class Certification, and Motion for Leave to Conduct Limited Discovery.

WHEREFORE, Plaintiff respectfully requests that the Court grant its Motion for Default Judgment, Motion for Class Certification, Motion for Leave to Conduct Limited Discovery, and grant such other relief as the Court deems necessary and just.

Respectfully,

Dated: November 2, 2018

STONE & COMPANY, INC., individually, and on behalf of all others similarly situated,

/s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Stuart C. Gaul, Jr.
Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA 15219

412-261-5100 (P)
412-261-5101 (F)
stuart.gaul@gaul-legal.com

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*\*pro hac vice admission*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on November 2, 2018.

/s/ Patrick H. Peluso