# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation,<br><br>Defendant. | Case No. 2:18-cv-01135-AJS |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, MOTION FOR CLASS CERTIFICATION, AND MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY

WHEREAS, an alleged class action is pending before this Court entitled *Stone v. PC Shield, Inc.*, Case No. 2:18-cv-01135-AJS; and

WHEREAS, the Court has read and considered Plaintiff's Motion for Default Judgment, Motion for Class Certification, and Motion for Leave to Conduct Limited Discovery, the Memoranda in Support, and the exhibits attached thereto ("Motion"). The Court, being fully advised in the premises, finds good cause being shown,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.  Defendant PC Shield, Inc. ("Defendant" or "PC Shield") was properly served on September 22, 2018.

2.  To date, Defendant has failed to appear and answer or otherwise respond to the Complaint.

3.  On October 20, 2018, the Clerk of Court properly entered default against Defendant.

## Default Judgment

4. Absent an entry of default judgment, Plaintiff and the Class would suffer substantial prejudice.

5. Given that Defendant failed to respond to Plaintiff's complaint, there are no meritorious defenses for this Court to consider.

6. Defendant was timely served, had ample opportunity to respond, and passed on the opportunity to respond to the complaint. Thus, Defendant's refusal to respond is the result of culpable conduct.

7. The Court finds that it has subject matter jurisdiction over the action pursuant to both 28 U.S.C. § 1331 as well as 28 U.S.C. § 1332(d)(1).

8. The Court finds that it has personal jurisdiction over the Defendant.

9. Plaintiff's Complaint contains well-pleaded factual allegations that sufficiently states a cause of action for violations for the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act"), based on Defendant's pattern of sending unsolicited fax advertisements. Further, none of the exceptions to the JFPA apply.

10. The Court finds the sum of damages to be reasonable, given that Plaintiff is seeking the minimum statutory damages on behalf of himself and the Class. Accordingly, the Court finds that Defendant shall be liable for $500 *per fax* for each fax advertisement sent to Plaintiff and the class members. The total sum of damages shall be determined following a period of limited discovery, as further explained below. Plaintiff is therefore ordered to file a motion for judgment awarding damages within 150 days from the date of this Order.

11. The Court also finds that Plaintiff is entitled to an injunction on behalf of itself and the Class requiring Defendant to cease the transmission of all fax advertisements.

12. Based upon the foregoing reasons, the Court grants Plaintiff's Motion for Default Judgment.

<u>Class Certification</u>

13. The Court finds as follows as to each of the requirements of Rule 23(a):

    a. The Class is so numerous that joinder of all members is impractical;

    b. There are questions of law and fact common to the Class and, thus, the commonality requirement is met;

    c. Plaintiff's claims are typical of the Class's claims; and

    d. Both Plaintiff and its counsel have no interests adverse to the Class and are adequate representatives.

14. The Court finds that Defendant has acted or refused to act on grounds generally applicable to the Class so as to justify certification pursuant to Rule 23(b)(2).

15. The Court also finds that the requirements to certify the Class pursuant to Rule 23(b)(3) are satisfied as well because common questions of law and fact predominate, and the class action mechanism is superior to all other available methods of adjudication.

16. Based upon the foregoing reasons, the Court grants Plaintiff's motion for class certification and finds that Plaintiff's complaint satisfies the requirements of Rule 23 and therefore certifies the following Class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf an unsolicited telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax Plaintiff.

17. The Court hereby appoints Patrick H. Peluso as class counsel and Plaintiff Stone as the class representative.

## Further Matters

18. In order to establish the exact sum of damages to be awarded to the Class, the Court grants Plaintiff's motion for leave to conduct limited discovery.

19. Plaintiff may serve subpoenas upon the telephone service provider for the facsimile number 405-759-7974.

20. Plaintiff may also serve written discovery requests upon Defendant PC Shield, Inc.

21. Plaintiff is ordered to complete the aforementioned discovery within 120-days from the date of this Order.

**IT IS SO ORDERED.**

 

_____
Arthur J. Schwab
United States District Judge