**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br> v. <br><br> PC SHIELD INC., an Oklahoma corporation, <br><br>         Defendant. | Case No. 2:18-cv-01135-AJS |

**PLAINTIFF'S MEMORANDA IN SUPPORT OF ITS MOTION FOR DEFAULT
JUDGMENT, MOTION FOR CLASS CERTIFICATION, AND MOTION
FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iv

TABLE OF EXHIBITS ...................................................................................... vi

I.      INTRODUCTION ................................................................................1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................................3

III.    ARGUMENT ....................................................................................3

    A.    An examination of the *Chamberlain* factors favors the entry of default..........4

        1.    Plaintiff would suffer substantial prejudice absent a default. ..............4

        2.    Defendant failed to respond to the Complaint, therefore, no 5meritorious defense exists...............................................................5

        3.    Defendant's delay is the result of culpable conduct...............................6

    B.    The Court has jurisdiction over both the Defendant and the subject matter.....................................................................................6

    C.    Default judgment is warranted because the well-pleaded allegations of the Complaint establish that PC Shield violated the JFPA.......................................8

    D.    The damages sought are reasonable and ascertainable.....................................9

    E.    The Court should simultaneously certify the alleged Class. ...........................10

        1.    The alleged Class meets each of the requirements of Rule 23. ...........10

            a.    Numerosity is met here..................................................................11

            b.    The Class shares common questions of law and fact.................11

            c.    Plaintiff's claims are typical..........................................................12

            d.    Plaintiff and counsel are adequate representatives. .................12

        2.    The Proposed Class Meets the Requirements of Rule 23(b)(2). ..........13

        3.    The proposed Class meets the requirements of Rule 23(b)(3). ...........14

            a.    Common questions of law and fact predominate.....................14

**b.     A class action is superior to any other method of adjudication.** ..................................................................**15**

**F.     As a final matter, the Court should grant Plaintiff leave to conduct limited class discovery to ascertain damages.** ..................................................**16**

**IV.     CONCLUSION** .........................................................................................**17**

## TABLE OF AUTHORITIES

*A & L Industries, Inc. v. P. Cipollini, Inc.*, Civil Action No. 12-07598 (SRC), 2013 WL 5503303 (D.N.J. Oct. 2, 2013) ......................................................................................16

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997) ......................................10

*Barnes v. American Tobacco Co.*, 161 F.3d 127 (3d Cir. 1998) ...................................................13

*Board of Trustees of the Laborers' Dist. Council Const. Industry Pension Fund v. ABC*, No. Civ.A. 04-2295, 2004 WL 2579611 (E.D. Pa. Nov. 3, 2004) ................................5

*Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537 (E.D. Pa. 2008) ..........................................................................................................................9

*Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213 (E.D. Pa. Aug. 10, 2012) .....5, 6

*Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000) ..........................................................1, 4

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299 (D.N.J. 2013) ...........................................................................8, 16

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014) .................................8

*Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F.Supp.2d 599 (E.D. Pa. 2009) ........................................................................4

*Fonovisa, Inc. v. Merino*, Civil Action 06-3538, 2006 WL 3437563 (D.N.J. Nov. 27, 2006) ........9

*Georgine v. Amchem Products, Inc.*, 83 F.3d 610 (3d Cir. 1996) .................................................15

*Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120 (3d Cir. 1983) .......................................6

*Gucci Am., Inc. v. Gold Ctr. Jewelry*, 997 F.Supp. 399 (S.D.N.Y.) ............................................16

*Harris v. Dollar General Corporation*, Civil Action No. 16-416, 2016 WL 2733227 (W.D. Pa. May 11, 2016) ..........................................................................................................7

*Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169 (E.D. Pa. 2014) .....................................................15

*In re Mushroom Direct Purchaser Antitrust Litigation*, 319 F.R.D. 158 (E.D. Pa. 2016) ...........15

*In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3d Cir. 2004) ..................................13

*Michaels v. Micamp Merchant Services*, Civil Action No. 13-191E, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013) ..........................................................................................................7

*Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012) ....................................................7

*Newman v. Universal Medical Administration Services, LLC*, Case No. 3:18-cv-74, 2018 WL
        4440512 (W.D. Pa. Sept. 17, 2018) .................................................................4, 7

*Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873 (D.N.J. Nov. 8,
        2016) .........................................................................................................4, 5

*Sabinsa Corp. v. Aegle Bios, Inc.*, No. CV 16-3322(FLW), 2016 WL 6595915 (D.N.J. Nov. 7,
        2016) .........................................................................................................16

*Shelton v. Bledsoe*, 775 F.3d 554 (3d Cir. 2015) ....................................................13, 14

*Skeway v. China Natural Gas, Inc.*, 304 F.R.D. 467 (D. Del. 2014) ...................................10, 11

*Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001) ...................................................11, 12

*Sullivan v. DB Investments, Inc.*, Civil Action No. 04-2819 (SRC), 2008 WL 8747721 (D.N.J.
        May 22, 2008) .............................................................................................9

*Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co.*, Civil No.
        11-7137 (JBS)(KMW), 2012 WL 3018062 (D.N.J. July 24, 2012) .......................3

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036 (2016) ...........................................14

*United States v. Angell's Concrete Const., Inc.*, No. CIV A 1:07CV1144, 2008 WL 4559805
        (M.D. Pa. Oct. 8, 2008) ...............................................................................16

*United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW),
        2016 WL 475313 (D.N.J. Feb. 8, 2016) .........................................................4, 6

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ...........................................11

## STATUTES, RULES, SECONDARY SOURCES

Alba Conte & Herbert B. Newberg, Newberg on Class Actions (4th ed. 2001) ...........................11

Class Action Fairness Act, 28 U.S.C. § 1332(d) ...................................................................1

Fed. R. Civ. P. 23, *et seq.*................................................................................. *passim*

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* .................................................1, 8

## TABLE OF EXHIBITS

Exhibit A – PC Shield Fax..................................................................................................3, 7, 9

Exhibit B – Firm Resume of Woodrow & Peluso, LLC...............................................................13

## I.      INTRODUCTION

This case challenges Defendant PC Shield, Inc.'s ("Defendant" or "PC Shield")

widespread violations of the Telephone Consumer Protection Act, as amended by the Junk Fax

Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act")—specifically, its practice of

sending unsolicited fax advertisements. Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone &

Company ("Plaintiff" or "Stone"), filed its Class Action Complaint on August 27, 2018 and

served Defendant on September 22, 2018. To date, Defendant has neither filed a responsive

pleading nor contacted Plaintiff's counsel. Plaintiff now moves for default judgment, for class

certification, and, to the extent deemed necessary, for leave to conduct limited discovery.

Default judgment is warranted because each of the factors set forth in *Chamberlain v.*

*Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (the "*Chamberlain* factors") is met, the Court has

jurisdiction to render judgment, and Plaintiff's complaint states a claim for relief.

First, regarding the *Chamberlain* factors, Plaintiff would suffer substantial prejudice

absent an entry of a default judgment and would be left with no recourse at all. Plaintiff would

also be left to the mercy of Defendant as to when and if future unlawful faxes may be sent. For

its part, Defendant has failed to answer, therefore, no defenses exist. Lastly, Defendant was

timely served, has had ample opportunity to respond, and has simply ignored this litigation

altogether.

Second, this Court has both subject matter jurisdiction and personal jurisdiction over the

Defendant. The case arises under the JFPA, a federal statute, and there exists jurisdiction under

the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") because the alleged class consists

of over 100 individuals, is minimally diverse, and over $5 million is in controversy. The Court

has personal jurisdiction over Defendant because its act of sending the faxes were knowingly sent to numbers in the State of Pennsylvania, and the Defendant was properly served.

Lastly, Plaintiff pleads a plausible claim for relief. Defendant sends unsolicited faxes to individuals *en masse* to market its products and services. No exceptions apply. Defendant has no prior existing business relationship—a fact that the faxes concede on their faces—and none of the faxes contain any of the required opt-out language.

Default should not be as to the Plaintiff alone. Rather, the Court should also certify the following Class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf an unsolicited telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax Plaintiff.

(Compl. ¶ 18.) As explained below, the Class meets the requirements of Rule 23(a) and of Rule 23(b)(2) and (b)(3) and should be certified.

Finally, to the extent deemed necessary, Plaintiff requests a period of 120-days to conduct limited discovery regarding the issue of damages. Plaintiff intends to issue subpoenas to the telephone service provider for the known fax number associated with Defendant to obtain all records of outbound fax transmissions. Plaintiff can then use these records to identify class members as well as to determine the total number of faxes sent. This information will enable the Court to make a factual determination as to an appropriate amount of damages. And to the extent the Court is reluctant to enter default judgment on any other aspect of this case, Plaintiff requests permission to conduct limited discovery on any remaining issues.

In short, the Court should certify the Class and enter default judgment as to all claims and, to the extent deemed necessary, grant Plaintiff leave to conduct limited discovery.

## II.        STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant PC Shield is a corporation incorporated and existing under the laws of the State of Oklahoma. (Compl. ¶ 1.) To market its products and services, Defendant sends unsolicited fax advertisements *en masse*—a plain violation of the JFPA. (Compl. ¶ 5.) In sending the faxes at issue, Defendant fails to include any language informing consumers of their right to opt-out of receiving future faxes. (Compl. ¶ 17.) Moreover, Defendant does not have any prior established business relationship with the persons it faxes, which is conceded on the face of the faxes themselves. (Compl. ¶ 30; *see also* "PC Shield Fax," a true and accurate copy is attached hereto as Ex. A.)

In Plaintiff Stone's case, it received at least one fax from Defendant advertising Defendant's products and services, namely its computer protection software. (Compl. ¶¶ 10, 12.) Plaintiff never consented to receive any faxes from Defendant, nor does it have any prior business relationship or dealings with Defendant. (Compl. ¶ 14.) Further, absent any functioning opt-out mechanism, Plaintiff is at the mercy of Defendant regarding the future receipt of faxes. (Compl. ¶¶ 16, 17.)

Plaintiff filed its Class Action Complaint on August 27, 2018. (Dkt. 1.) On September 22, 2018, Plaintiff obtained service upon Defendant, via its agent for service of process. (Dkt. 6.) Plaintiff filed the proof of service with the Court on September 26, 2018. (*See Id.*)

As set forth below, the Court should certify the Class and enter default judgment in favor of Plaintiff and the Class, or, in the alternative, the Court should grant leave to conduct limited discovery.

## III.        ARGUMENT

Upon entry of default, "the Court must take as true the factual allegations of the complaint, except those relating to the amount of damages." *Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co.*, Civil No. 11-7137 (JBS)(KMW), 2012 WL 3018062, at *2 (D.N.J. July 24, 2012). "Entry of default judgment where damages are not a sum certain requires an application to the Court to prove, *inter alia*, damages." *Id.*

Prior to entering default judgment, "a district court must be satisfied that (1) the *Chamberlain* factors favor the entry of default judgment, (2) the court has subject matter and personal jurisdiction, and (3) the plaintiff's complaint plausibly states a claim." *Newman v. Universal Medical Administration Services, LLC*, Case No. 3:18-cv-74, 2018 WL 4440512, at *2 (W.D. Pa. Sept. 17, 2018). As explained below, this test is met here.

### A.      An examination of the *Chamberlain* factors favors the entry of default.

When exercising discretion as to the entry of default judgment, the Third Circuit requires the Court to analyze the following *Chamberlain* factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Each of these factors weighs in favor of entering default judgment.

### 1.      Plaintiff would suffer substantial prejudice absent a default.

The first factor examines the prejudice that Plaintiff would suffer if a default judgment were not entered. *See Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F.Supp.2d 599, 606 (E.D. Pa. 2009). Courts routinely find prejudice when a defendant fails to respond to the complaint—which deprives a plaintiff of an adequate remedy and can result in the loss of evidence. *See Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016) ("Defendant Small's failure to respond to Plaintiff's Complaint or to oppose the Motion for Default Judgment has deprived the Plaintiff of the

opportunity to litigate its claim against Defendant Small. Additionally, Plaintiff would suffer prejudice because it has no other remedy against Defendant Small."); *see also United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) ("Here, Defendant refused to participate in this matter, and at present, this delay may stretch on indefinitely. Thus, denying this motion for default judgment will prejudice Plaintiff."); *see also Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012) ("A plaintiff is prejudiced if denying the default judgment would result in the loss of evidence or impair the plaintiff's ability to effectively pursue his or her claim.").

Applied here, Plaintiff and the class members face substantial prejudice if default isn't entered. Absent a default, Defendant would escape being held accountable for its unlawful faxes, and Plaintiff and the Class would recover nothing despite the JFPA's provision for both statutory damages and injunctive relief. Further, absent an entry of default, evidence could be lost or impaired as memories fade and documents are destroyed. In short, the prospect of prejudice to Plaintiff and the Class supports entering a default judgment.

### 2.   Defendant failed to respond to the Complaint, therefore, no meritorious defense exists.

The second factor looks at any meritorious defense. *See Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016). "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Board of Trustees of the Laborers' Dist. Council Const. Industry Pension Fund v. ABC*, No. Civ.A. 04-2295, 2004 WL 2579611, at *2 (E.D. Pa. Nov. 3, 2004). However, this factor is "only relevant where the defendant moves to open or set aside default judgment." *Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213, at *3 (E.D. Pa. Aug. 10, 2012). Accordingly, where a defendant refuses to answer or

otherwise respond, courts find that no meritorious defense exists to be considered. *See Id.*

("because the Defaulted Defendants have not answered or otherwise responded, they have not

alleged any facts or asserted any defenses, much less a meritorious one."); *see also Rls*

*Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873, at *2 (D.N.J. Nov.

8, 2016) (same); *see also United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL

475313, at *3 (D.N.J. Feb. 8, 2016) (same).

Defendant PC Shield has not responded to this lawsuit in any fashion. As such, there is

no meritorious defense for the Court to consider.

### 3.      Defendant's delay is the result of culpable conduct.

The third factor examines whether Defendant's refusal to answer is the result of culpable

conduct, which in this context "means actions taken willfully or in bad faith." *Gross v. Stereo*

*Component Systems, Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983). "A properly served defendant

has an obligation to defend himself against a plaintiff's claims, or he must expect that a judgment

may be entered against him." *United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL

475313, at *3 (D.N.J. Feb. 8, 2016). Thus, "[n]on-responsiveness and refusal by Defendant to

engage in the litigation process constitutes culpable conduct because Defendant is obligated to

defend against Plaintiff's claims." *See Id*; *see also Carroll v. Stettler*, Civil Action No. 10-2262,

2012 WL 3279213, at *3 (E.D. Pa. Aug. 10, 2012) (finding the defendant's failure to respond to

the complaint or the motion for default judgment is indicative of culpability).

Defendant was timely served with a copy of the Complaint and Summons, which

explicitly informed Defendant of its obligation to defend itself. Rather than answer or otherwise

plead, Defendant has ignored the litigation altogether. Further, no attempts have been made to

contact Plaintiff's counsel. Thus, Defendant's wholesale refusal to engage constitutes culpable

conduct, and this factor supports granting Plaintiff's motion for default judgment.

**B.      The Court has jurisdiction over both the Defendant and the subject matter.**

"'[P]rior to the entry of default judgment, the [d]istrict [c]ourt must satisfy itself that the [c]ourt has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought.'" *Newman v. Universal Medical Administration Services, LLC*, Case No. 3:18-cv-74, 2018 WL 4440512, at *2 (W.D. Pa. Sept. 17, 2018). Personal jurisdiction can be maintained where "the claims arises from or relates to conduct purposely directed at the forum state." *Michaels v. Micamp Merchant Services*, Civil Action No. 13-191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013). In the TCPA/JFPA context, the standard is met when a defendant knowingly directed its activities to the forum state. *See Id.* (finding no personal jurisdiction where, "[p]laintiff's cellular telephone number bears a Florida area code, not one registered to Pennsylvania, and at no time did Plaintiff inform Defendants that he was located in Pennsylvania."). Applied here, Defendant knowingly directed its fax to Plaintiff in the State of Pennsylvania—a fact proven by the fax itself, which bears Plaintiff's Pennsylvania address (city, state, and zip code). (Compl. ¶¶ 4, 10, 12, 13; *see also* Ex. A.)

Another "necessary prerequisite to the exercise of personal jurisdiction over a defendant is that the complaint and summons be served on the defendant." *Harris v. Dollar General Corporation*, Civil Action No. 16-416, 2016 WL 2733227, at * 1 (W.D. Pa. May 11, 2016). As evidenced by the return of service (dkt. 6), Defendant's registered agent, Brandie M. Jordan (aka Brandie M. Law), was personally served with a copy of the summons, complaint, and relevant documents on September 22, 2018. Put simply, the Court has personal jurisdiction.

The Court also has subject matter jurisdiction. The claims arise under the TCPA. *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 387 (2012) ("Federal courts have § 1331 jurisdiction over claims that arise under federal law. Because federal law gives rise to the claim

7

for relief Mims has stated and specifies the substantive rules of decision, the Eleventh Circuit

erred in dismissing *Mims's* case for lack of subject-matter jurisdiction."). Additionally, CAFA

"gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class

has more than 100 members, the parties are minimally diverse, and the amount in controversy

exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 552

(2014). The class here consists of over 100 individuals, at least one member of each class is

located in a state other than the state of Defendant, and over $5 million is in controversy.

Accordingly, the Court has jurisdiction over both the subject matter and the parties.

> **C.    Default judgment is warranted because the well-pleaded allegations of the
> Complaint establish that PC Shield violated the JFPA.**

The JFPA makes it unlawful for any person "to use any telephone facsimile machine,

computer, or other device to send, to a telephone facsimile machine, an unsolicited

advertisement…" 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" means "any material

advertising the commercial availability or quality of any property, goods, or services which is

transmitted to any person without that person's prior express invitation or permission, in writing

or otherwise." 47 U.S.C. § 227(a)(5). To state a claim for a violation of the JFPA, "the plaintiff

must specifically point to evidence in the record sufficient to establish that: (1) the defendant

utilized a 'telephone facsimile machine' to send 'one or more faxes;' (2) that the transmissions

constituted ''advertisements;'' and (3) that the defendant sent the transmissions without the

recipient's consent, absent application of one of the statutory exceptions." *City Select Auto Sales,*

*Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 323 (D.N.J. 2013).

Plaintiff alleges that Defendant has a practice of sending unsolicited fax advertisements

to Plaintiff and the Class, which advertise the commercial availability of its goods or services.

(Compl. ¶¶ 5, 10, 11, 12, 13.) The faxes were sent without the recipients' consent and none of

the exceptions to the JFPA apply. (Compl. ¶¶ 31, 32, 35.) Plaintiff's fax was unsolicited and failed to bear the required opt-out language. (Ex. A.) As such, Plaintiff has a viable claim.

      **D.**      **The damages sought are reasonable and ascertainable.**

"Once default judgment is entered, where there are no damages for a 'sum certain[,]' a 'court may conduct such hearings or order such references as it deems necessary and proper.'" *Sullivan v. DB Investments, Inc.*, Civil Action No. 04-2819 (SRC), 2008 WL 8747721, at *20 (D.N.J. May 22, 2008). "[P]laintiffs must make a showing regarding the amount of damages, although the standard for demonstrating those damages is 'somewhat relaxed[.]'" *Id.* (citing *Rossi v. Standard Roofing, Inc.*, 156 F.3d 452, 484 (3d Cir. 1998)). "Damages may be calculated based on 'inferential as well as (upon) direct and positive proof.'" *Id.* Minimum statutory damages are routinely found to be reasonable. *See Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 544 (E.D. Pa. 2008) ("courts can order the minimum statutory damages without conducting a hearing."); *see also Fonovisa, Inc. v. Merino*, Civil Action 06-3538, 2006 WL 3437563, at *2 (D.N.J. Nov. 27, 2006) ("federal courts routinely award minimum statutory damages.").

Plaintiff requests the minimum statutory minimum damages of $500 *per fax* sent to the Class. *See* 47 U.S.C. §227(b)(3)(B).[1] Plaintiff is unable to specify the total damages owed to the Class at this time because Defendant is the only party that presently knows how many faxes it caused to be sent to each alleged class member.  Plaintiff requests leave to conduct limited discovery regarding the number of faxes sent to each Class member. In addition to serving written discovery on the Defendant, Plaintiff intends to serve subpoenas on the telephone service provider for the fax number 405-759-7974, which is represented on the fax sent to Plaintiff. This

---

[1] Plaintiff also seeks a class-wide injunction requiring Defendant to end the transmission of all unsolicited fax advertisements. (Compl. ¶ 24; Prayer for Relief ¶ 3.)

limited discovery will allow Plaintiff to learn the total number of unwanted faxes sent by Defendant and the identities of the recipients.

Hence, the damages are reasonable and support entry of default.

**E.   The Court should simultaneously certify the alleged Class.**

"'[R]elief cannot be granted to a class before an order has been entered determining that class treatment is proper.'" *Id.* (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974)). Indeed, "[a]n entry of default 'does not change the fundamental analysis [the district court] must undertake in deciding whether to certify the class.'" *Skeway v. China Natural Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014). As explained below, the Court should certify the Class as well.

**1.   The alleged Class meets each of the requirements of Rule 23.**

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231 (1997). Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact among the class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

Plaintiff seeks certification here under both Rule 23(b)(2) and 23(b)(3). Under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate…." Fed. R. Civ. P. 23(b)(2). To certify a class under Rule 23(b)(3) there must be questions of law or fact common to the proposed class

members that predominate over any questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

As explained further below, the proposed Class in this case meets all of the requirements of Rules 23(a), (b)(2), and (b)(3), and therefore can be properly certified.

### a.    Numerosity is met here.

Numerosity is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Determinations "must be 'based upon common sense.'" *Skeway*, 304 F.R.D. 467, 473; *see also* Alba Conte & Herbert B. Newberg, Newberg on Class Actions ¶ 7.20, 66 (4th ed. 2001). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-227 (3d Cir. 2001). Applied here, Plaintiff alleges that Defendant sent unlawful fax advertisements to hundreds or thousands of consumers. (Compl. ¶ 20.) Hence, the proposed Class satisfies the numerosity requirement (and discovery can confirm this if needed).

### b.    The Class shares common questions of law and fact.

Rule 23(a) next requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality prong, the representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Stewart*, 275 F.3d at 227 (quotation omitted).

Plaintiff and the Class share multiple common issues of law and fact, including whether: (1) Defendant sent them unsolicited fax advertisements, (2) Defendant's faxes advertised the commercial availability of property, goods, or services, (3) Defendant failed to procure prior express permission or invitation to send the faxes, (4) the faxes failed to contain proper opt-out language, (5) Defendant acted knowingly, and (6) whether the Class is entitled to damages and/or injunctive relief. (Compl. ¶ 23.) And because the Class is limited to individuals who Defendant sent an unsolicited fax advertisement that was "substantially similar to Exhibit A," (Compl. ¶ 18) the litigation will answer for everyone whether the faxes were unlawful. In short, the case will produce common questions of law and fact for all class members.

### c.      Plaintiff's claims are typical.

The Plaintiff's claims are typical as well. *See* Fed. R. Civ. P. 23(a)(3). "The typicality inquiry centers on whether the interests of the named plaintiffs align with the interests of the absent members." *Stewart*, 275 F.3d at 220. Notably, "'cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims.'" *Id.* (citation omitted). "'[F]actual differences will *not* render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the [absent] class members, and if it is based on the same legal theory.'" *Id.* (emphasis added).

Here, Defendant subjected Plaintiff and the Class to a nearly identical course of conduct. Defendant sent unsolicited fax advertisements *en masse* to Plaintiff and the Class in violation of the JFPA. Defendant treated Plaintiff the same as every other class member—if Plaintiff proves that the faxes were unlawful, then they violated the JFPA with respect to everyone.

### d.      Plaintiff and counsel are adequate representatives.

Rule 23(a) also requires that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy has two parts: first, "the adequacy inquiry 'tests the qualifications of the counsel to represent the class'"; and second, "it seeks 'to uncover conflicts of interest between named parties and the class they seek to represent.'" *In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516, 532 (3d Cir. 2004).

Plaintiff and its counsel have and will continue to fairly represent the Class. Neither has any conflict with the class members. Plaintiff and proposed class counsel have to date spent significant time and resources into the investigation and prosecution of this action. Further, proposed class counsel are respected members of the legal community and have experience litigating class actions of similar size, scope, and complexity. Proposed class counsel regularly litigate cases under the JFPA and have the resources necessary to conduct litigation of this nature. (*See* Firm Resume of Woodrow & Peluso, LLC, attached hereto as Ex. B.). As such, Plaintiff and its counsel will continue to adequately represent the Class.

Therefore, the Court should find this requirement is met and appoint Patrick H. Peluso as Class Counsel, and Plaintiff Stone as the Class Representative.

### 2.    The Proposed Class Meets the Requirements of Rule 23(b)(2).

Once Rule 23(a) is satisfied, the inquiry turns to Rule 23(b). In this case, Plaintiff seeks certification under both Rule 23(b)(2) and (b)(3). Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "[T]he key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted'" *Shelton v. Bledsoe*, 775 F.3d 554, 561 (3d Cir. 2015) (citation omitted). While Rule 23(b)(2) class actions "have no

predominance or superiority requirements, it is well established that the class claims must be cohesive." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 143 (3d Cir. 1998).

Here, Defendant subjected Plaintiff and the Class to a uniform course of conduct. Defendant sent unsolicited fax advertisements that marketed its products and services to hundreds or even thousands of individuals with whom it had no prior business dealings or consent. (Compl. ¶¶ 6, 12, 20.) Defendant also uniformly failed to apprise recipients of their ability to opt-out of receiving future faxes, as required by the JFPA. Importantly, Defendant acted in the exact same manner with respect to everyone. That is, everyone was faxed without permission, so an injunction against transmitting faxes without permission will apply to and benefit the entire class uniformly. Certification under Rule 23(b)(2) is thus appropriate.

### 3.      The proposed Class meets the requirements of Rule 23(b)(3).

Certification is also warranted under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "As compared to Rule 23(b)(2), Rule 23(b)(3) 'allows class certification in a much wider set of circumstances' including those 'in which class-action treatment is not as clearly called for.'" *Shelton*, 775 F.3d at 560.

### a.      Common questions of law and fact predominate.

"The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016). "When 'one or more of the central issues in the action are common to the class and can be said to

predominate, the action may be considered proper under Rule 23(b)(3).'" *Id.* (citation omitted).

Here, Plaintiff and the Class were subjected to an identical course of conduct insofar as Defendant sent unsolicited fax advertisements to class members with whom it didn't have any prior business relationship and the faxes uniformly failed to apprise class members of their right to opt-out as required by the JFPA. Whether the Defendant had permission to send the faxes, whether they were advertisements, and whether the opt-out language was proper are questions that drive the litigation and predominate over any supposed individualized issues. As such claims are subject to common proof, no individualized issues defeat predominance under Rule 23(b)(3).

        **b.**     **A class action is superior to any other method of adjudication.**

Finally, Rule 23(b)(3) requires that the class action mechanism be superior to other available methods for adjudicating the controversy. Fed. R. Civ. P 23(b)(3). "The rule asks us to balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication." *Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 632 (3d Cir. 1996) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 757 (3d Cir. 1974). "Factors relevant to a finding of superiority include ''class members' interests in pursuing separate actions, the extent of any independent litigation already begun by class members, the desirability of concentrating the litigation in this forum, and the difficulties likely to be encountered in the management of a class action.'" *In re Mushroom Direct Purchaser Antitrust Litigation*, 319 F.R.D. 158, 208 (E.D. Pa. 2016).

JFPA cases are best treated as class actions. Plaintiff seeks statutory damages in the amount of $500 per violation—a small amount that renders individual suits prohibitively expensive. Moreover, considering the cohesive nature of the claims, individualized trials would result in duplicative cases and varying results. Further, individualized trials would put a strain on courts and waste of judicial time and resources. Not surprisingly, courts certify classes for

violations of the JFPA regularly. *See Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 191 (E.D. Pa. 2014) (certifying a JFPA class noting, "each individual class member are small—at most $1500 per violation—it is unlikely that the class members have interest in individually controlling the prosecution of separate actions."); *see also City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 323 (D.N.J. 2013); *see also A & L Industries, Inc. v. P. Cipollini, Inc.*, Civil Action No. 12-07598 (SRC), 2013 WL 5503303, at *5 (D.N.J. Oct. 2, 2013) (finding that the potential recoveries "do not incentivize TCPA plaintiffs to sue individually.").

As such, the Court should find that a class would be superior here.

**F.      As a final matter, the Court should grant Plaintiff leave to conduct limited class discovery to ascertain damages.**

To the extent any matter requires further proof, Plaintiff should be granted leave to conduct limited discovery. Post-default discovery is allowed when needed to establish damages. *See United States v. Angell's Concrete Const., Inc.*, No. CIV A 1:07CV1144, 2008 WL 4559805, at *1 (M.D. Pa. Oct. 8, 2008) (citing *J & J Sports Prods., Inc. v. Louisias,* No. 06–CV–339, 2006 WL 1662608, at *5 n. 8 (E.D.N.Y. May 16, 2006)) (stating that Rules 26 and 69 of the Federal Rules of Civil Procedure permit a plaintiff to request post-default discovery); *see also Gucci Am., Inc. v. Gold Ctr. Jewelry,* 997 F.Supp. 399, 400–01 (S.D.N.Y.) (recounting that a court may permit post-default discovery for the purpose of ascertaining damages with certainty), *rev'd on other grounds,* 158 F.3d 631 (2d Cir.1998)); *see also Sabinsa Corp. v. Aegle Bios, Inc.*, No. CV 16-3322(FLW), 2016 WL 6595915, at *1 (D.N.J. Nov. 7, 2016) (granting leave to serve "requests upon Defendant in an effort to ascertain an accounting of damages, including compensatory, and if any, other enhanced damages.").

Applied here, Plaintiff needs limited discovery to establish class-wide damages. Plaintiff seeks to serve written discovery on Defendant including requests for admission, requests for the

production of documents, and interrogatories. Plaintiff also intends on serving a subpoena on the telephone service provider for the facsimile number 405-759-7974. Such records should identify (perhaps with the assistance of an expert) each recipient of an outbound fax from the Defendant together with the total number of faxes sent to each number. Further, Plaintiff is prepared to hire an expert witness to opine as to the facts and process, if necessary. This information will help identify class members and prove the amount of their damages.

## IV.   CONCLUSION

Plaintiff investigated its claims, filed a Class Action Complaint, and obtained valid service upon Defendant. In turn, Defendant has failed to appear and defend itself. Therefore, Plaintiff respectfully requests that the Court enter default judgment in its favor, certify the Class, appoint Patrick H. Peluso of Woodrow & Peluso, LLC as Class Counsel, appoint Plaintiff Stone as Class Representative, grant Plaintiff's request to conduct limited discovery, and award such additional relief as it deems necessary, reasonable, and just.

Respectfully,

Dated: November 2, 2018

STONE & COMPANY, INC., individually, and on behalf of all others similarly situated,

/s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Stuart C. Gaul, Jr.
Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA 15219
412-261-5100 (P)
412-261-5101 (F)
stuart.gaul@gaul-legal.com

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC

3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*\*pro hac vice admission*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on November 2, 2018.

/s/ Patrick H. Peluso