IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WENDELL H. STONE COMPANY, INC.
*individually and on behalf of all others
similarly situated doing business as*
STONE & COMPANY,

18cv1135
ELECTRONICALLY FILED

       Plaintiff,

       v.

PC SHIELD INC. *an Oklahoma corporation*,

       Defendant.

Memorandum Order on "Plaintiff's Motion for Default Judgment, Motion for Class Certification, and Motion for Leave to Conduct Limited Discovery" (Doc. 11)

This matter is before the Court on the Motion for Default Judgment, Class Certification, and Limited Discovery of Plaintiff Wendell H. Stone Company, Inc. ("Plaintiff"). (Doc. 11). For the reasons set forth below, Plaintiff's Motion will be granted to the extent that the Court will permit Plaintiff to conduct limited discovery with respect to the class it is seeking to certify pursuant to Federal Rule of Civil Procedure 23, and otherwise Plaintiff's Motion will be denied without prejudice as being prematurely filed.

Plaintiff's putative class action is brought pursuant to the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 *et seq*. (the "TCPA"). (Doc. 1 ¶ 6). In relevant part, the TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Accordingly, so long as a defendant transmits an unwanted fax that occupies the plaintiff's telephone line and fax machine, the defendant faces TCPA liability. See *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S.,*

*P.A.*, 781 F.3d 1245, 1253 (11th Cir. 2015); *Community Vocational Schools of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, 307 F.Supp.3d 402, 414-15 (W.D. Pa. 2018).

I. Background

Plaintiff, a Pennsylvania resident, brought its "Class Action Complaint" against Defendant PC Shield, Inc. ("Defendant"), an Oklahoma Corporation. (Doc. 1). Plaintiff alleges that in August 2017, Defendant caused one unsolicited facsimile to be transmitted by telephone facsimile machine to Plaintiff. (*Id.* at ¶ 10). What was sent was an advertisement of Defendant's computer protection software and other products, which Defendant created or caused to be created, and which Defendant intended to, and did distribute to Plaintiff. (*Id.* at ¶ 12). Plaintiff did not have any prior relationship with Defendant and did not consent, invite, or otherwise give Defendant permission to send it the advertisement. (*Id.* at ¶ 14).

With respect to the putative class, Plaintiff alleged, upon information and belief, that Defendant faxed the same facsimile it sent to Plaintiff, to more than forty other recipients without first receiving the recipients' express permission or invitation to send the facsimiles. (*Id.* at ¶ 15).

II. Plaintiff's Motion for Class Certification

In *Reyes v. Netdeposit, LLC*, 802 F.3d 469 (3d Cir. 2015), the United States Court of Appeals for the Third Circuit set forth the District Court's responsibilities when addressing a motion to certify a class as follows: "[T]he District Court must: (1) conduct rigorous analysis, (2) review all avenues of inquiry in which it may have doubts (even if it requires reviewing the merits), (3) be satisfied and (4) make a definitive determination on the requirements of Rule 23, or even (5) require that a plaintiff demonstrate actual, not presumed conformance with Rule 23 requirements." *Reyes*, 802 F.3d at 485. The Court of Appeals also recently explained, "[i]n

2

deciding whether to certify a class under Federal Rule of Civil Procedure 23, a district court must make 'findings' and factual determinations. The burden of proof rests with the movant to 'affirmatively demonstrate' certifiability by a preponderance of the evidence." *Wharton v. Danberg*, 854 F.3d 234, 241 (3d Cir. 2017) (citing *Wal-Mart v. Dukes et al.*, 564 U.S. 338, 350 (2011); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2008)).

Thus, to bring a class action, a plaintiff must sufficiently establish the prerequisites set forth in Federal Rule of Civil Procedure 23(a), the first of which is that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). The numerosity requirement was recently addressed by the Court of Appeals in *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467 (3d Cir. 2018):

> Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Like other factual determinations underlying Rule 23 determinations, it is a "plaintiff's burden to demonstrate numerosity by a preponderance of the evidence." Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 358 (3d Cir. 2013).
>
> In recent years the numerosity requirement has been given "real teeth." Robert H. Klonoff, The Decline of Class Actions, 90 Wash. U. L. Rev. 729, 768 (2013). Although this strengthening of the numerosity inquiry has sometimes been criticized, our precedent nonetheless demands that a court "make a factual determination, based on the preponderance of the evidence, that Rule 23's requirements have been met." Marcus, 687 F.3d at 596. To make such a determination, a court must be presented with evidence that would enable the court to do so without resorting to mere speculation. Id. at 597 (referring to "the line separating inference and speculation").

*Mielo*, 897 F.3d at 484 (footnote omitted).

The class Plaintiff seeks to certify is:

**No Consent Class:** All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf an unsolicited telephone facsimile message substantially similar to Exhibit A [the faxed advertisement sent from Defendant to Plaintiff, (3) from whom Defendant claims

> it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax Plaintiff.

(*Id*.). Significantly, Plaintiff did not submit any evidence in support of the number of class members, relying upon its allegation that Defendant sent unlawful fax advertisements to hundreds or thousands of consumers: "Hence, the proposed Class satisfies the numerosity requirement (and discovery can confirm this if needed)." ([Doc. 12 at 17](#)). Clearly Plaintiff has not established by a preponderance of the evidence that the proposed class is "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Accordingly, Plaintiff's Motion for Class Certification will be denied. Said denial, however, will be without prejudice to Plaintiff to file another motion for class certification if and when Plaintiff can support a motion for class certification with the requisite evidence, as discussed by the Court of Appeals in the *Mielo* decision.

### III. Plaintiff's Motion for Default Judgment

Having denied Plaintiff's Motion for Class Certification, the Court also will deny without prejudice Plaintiff's Motion for Default Judgment since Plaintiff seeks entry of default judgment not only for himself, but for a class which has not yet been certified.[1]

### IV. Plaintiff's Motion for Limited Discovery

By way of Plaintiff's Motion for Limited Discovery, Plaintiff seeks permission to conduct post-default damages discovery as well as discovery with respect to any other matter that the Court determines requires further proof. In light of the Court's denial without prejudice of Plaintiff's Motion for Default Judgment, the Court also will deny Plaintiff's Motion for

---

[1]Additionally, pursuant to Federal Rule of Civil Procedure 23, once a class is certified, the class must be notified and putative class members given the opportunity to opt out prior to any judgment being entered that could be binding upon them. Fed.R.Civ.P. 23(b)(3); *Fayun Luo v. Qiao Xing Universal Resources*, Civ. No. 12-0045, 2017 WL 2470248, *4 (D.V.I. Jun. 6, 2017).

Limited Discovery without prejudice to the extent it seeks to conduct post-default damages discovery. The Court, however, will grant Plaintiff's Motion for Limited Discovery to the extent that the Court will allow Plaintiff to conduct discovery with respect to the class it seeks to certify pursuant to Federal Rule of Civil Procedure 23.

SO ORDERED, this 19th[th] day of November, 2018,

s/Arthur J. Schwab\_\_\_\_\_
Arthur J. Schwab
United States District Judge