# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation,<br><br>Defendant. | Case No. 2:18-cv-01135-AJS |

**PLAINTIFF'S MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED**

Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Plaintiff" or "Stone") pursuant to F.R.C.P. 36(a) hereby respectfully moves this Court for an order deeming Plaintiff's First Set of Requests for Admission to Defendant admitted. In support of the instant motion, Plaintiff states as follows:

1. On August 27, 2018, Plaintiff bought this class action lawsuit alleging wide-scale violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act")—specifically, challenging Defendant PC Shield, Inc.'s ("Defendant" or "PC Shield") practice of sending unsolicited fax advertisements.

2. On October 30, 2018, the Clerk of Court, pursuant to Rule 55(a), entered default against Defendant. (*See* Dkt. 8.)

3. On November 2, 2018, Plaintiff filed its Motion for Default Judgment, Motion for Class Certification, and Motion for Leave to Conduct Limited Discovery ("Motion"). (Dkt. 11.)

4.      On November 19, 2018, the Court granted Plaintiff's Motion to conduct limited discovery related to class certification, including serving written discovery on Defendant. (*See* Dkt. 13, ¶ 13.)

5.      Plaintiff drafted and prepared to serve Plaintiff's First Set of Requests for Admission to Defendant, which contained twenty-five (25) requests for admission ("Requests for Admission," a true and accurate copy of which is attached hereto as Ex. A), in addition to other discovery requests.

6.      On January 4, 2019, via process server, Plaintiff served its Requests for Admission on Defendant. (*See* Proof of Service, a true and accurate copy of which is attached hereto as Ex. B.) Therefore, Defendant's responses to Plaintiff's Requests for Admission were due on February 4, 2019.

7.      To date, Defendant has not served any responses to Plaintiff's Requests for Admission.

8.      Fed. R. Civ. P. 36(a) states, in relevant part, "The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."

9.      Courts in the Third Circuit, including this Court, repeatedly hold that the failure to timely respond to requests for admission is sufficient reason for ruling that the requests are conclusively admitted. See *Kelvin Cryosystems, Inc. v. Lightnin*, 252 Fed.Appx. 469, 472 (3d Cir. 2007) ("Kelvin and Arencibia never responded to those requests for admissions. Thus, the second set of deemed admissions would support judgment against Kelvin and Arencibia even in the absence of the deemed admissions stemming from the first request for admissions."); *see also*

*Wylie v. TransUnion, LLC*, Case No. 3:16-cv-102, 2017 WL 4357981, at *2 (W.D. Pa. Sept. 29, 2017) ("Rule 36 sets forth the procedures for serving and responding to requests for admissions. . . . Failure to timely respond to such requests for admission within 30 days of service results in the automatic admission of the matters requested.); *see also Pritchard v. Dow Agro Sciences*, 225 F.R.D. 164, 172 (W.D. Pa. 2009) ("Failure to timely respond to such requests for admissions results in an automatic admission of the matters requested."); *see also Wilson v. Children's Museum of Pittsburgh*, No. 05cv1748, 2006 WL 2529595, at *3 (W.D. Aug. 31, 2006) ("Plaintiff denies these facts, however, because plaintiff failed to respond to defendant's request for admission, pursuant to Fed.R.Civ.P. 36, said requests are thereby deemed admitted.").

10. Here, Defendant was properly served with the Requests for Admission on January 4, 2019. Defendant has not timely responded, and has made no attempt to reach out to Plaintiff's counsel. Thus, the Requests for Admission should be deemed admitted, and the facts should be conclusively established.

11. Further, given Defendant's pattern of refusing to respond or engage in this litigation in any regard, no cause exists to excuse the failure to respond.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff's Motion to Deem Requests for Admission Admitted, and for such additional relief as the Court deems necessary and just.

Respectfully,

Dated: March 14, 2019    STONE & COMPANY, INC., individually, and on behalf of all others similarly situated,

/s/ Patrick H. Peluso
One of Plaintiff's Attorneys

        Stuart C. Gaul, Jr.
        Pa. I.D. No. 74529
        Gaul Legal LLC
        100 Ross Street, Suite 510
        Pittsburgh, PA 15219
        412-261-5100 (P)
        412-261-5101 (F)
        stuart.gaul@gaul-legal.com

        Patrick H. Peluso
        ppeluso@woodrowpeluso.com*
        Woodrow & Peluso, LLC
        3900 East Mexico Ave., Suite 300
        Denver, Colorado 80210
        Telephone: (720) 213-0675
        Facsimile: (303) 927-0809

        *Counsel for Plaintiff and the Putative Class*

        *\*pro hac vice admission*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on March 14, 2019.

        /s/ Patrick H. Peluso