# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation,<br><br>Defendant. | Case No. 2:18-cv-01135-AJS |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT**

In accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Wendell H. Stone Company, Inc. ("Plaintiff" or "Stone & Company"), individually and on behalf of the alleged class set forth in the Complaint (Dkt. 1), through its counsel, requests that PC Shield Inc. ("Defendant" or "PC Shield") admit or deny the following facts, under oath, and to provide Your sworn answers to Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Ave., Suite 300, Denver, Colorado 80210, ppeluso@woodrowpeluso.com within thirty (30) days of service.

## I.      DEFINITIONS

1.      "Complaint" means and refers to the Class Action Complaint filed in this lawsuit on August 27, 2018 (Dkt. 1) and any subsequent Complaint filed in this litigation.

2.      "Describe" when used in relation to any process, policy, act or event means to explain the process, policy, act or event in complete and reasonable detail, stating the time, date, and location, and identifying all persons participating or present.

3. "Document" means any includes writings, communications, data, drawings, graphs, charts, papers, letters, text messages, emails, sound recordings, images, and other data or data compilations, including ESI, stored in any medium from which information can be obtained, and any other materials considered a document under the Federal Rules of Civil Procedure.

4. "Electronically Stored Information" or "ESI" means computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, whether real, virtual, or cloud-based.

5. "Fax" means and refers to the facsimile attached as Exhibit A to the Complaint and reattached as Exhibit A hereto.

6. "Identify" shall mean the following:

    a. when referring to a person, means to give the person's full name, present or last known address, telephone number(s) on file, email address, and when referring to a natural person, any dates you or any agent of yours called them or placed them on any internal Do Not Fax list. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

    b. when referring to documents, means to provide documents showing the (i) type of document; (ii) general subject matter; (iii) date of the document and period of use; and (iv) author(s), addressee(s) and recipient(s).

    c. when referring to a communication, means to give documents showing the type of communication (i.e., telephone discussion, fax, email, face-to-face, etc.), the name and present address of each person present during the communication or who

otherwise viewed or heard the communication, and to state the subject matter of the communication and the date when it occurred.

7. "Internal DNC" or "Internal Do Not Fax List" means and refers to any internal list of phone numbers you maintain of persons who have requested not to be called by You together with any written policies and procedures regarding the maintenance and use of any such list.

8. "Junk Fax Prevention Act" means and refers to the TCPA, as amended in 2005, including all rules and regulations set forth in 47 C.F.R. § 64.1200 *et seq*.

9. "Leads" or "Lead Information" means and refers to consumer personal identifying information, including name, address, telephone number(s), IP addresses, login or session activity, timestamps, email addresses, values for any column headers, and any other data received by You from any third party.

10. "Person" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

11. "Plaintiff" or "Stone" means the plaintiff in this action, Wendell H. Stone Company, Inc., and any subsequent Persons added as Plaintiffs to the Complaint or any subsequent or amended complaint.

12. "TCPA" or "Telephone Consumer Protection Act" means and refers to Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*

13. "You," "Defendant," or "PC Shield" means Defendant PC Shield, Inc., incorporated and existing under the laws of the State of Oklahoma, and for the purposes of this discovery includes any of its present or former directors, managers, employees, agents, corporate

parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures.

## II.     INSTRUCTIONS

1. A matter is admitted unless, within 30 days after being served, You serve on the requesting party, through its counsel, a written answer or objection addressed to the matter and signed by You or Your attorney.

2. If a matter is not admitted, Your answer must specifically deny it or state in detail why You cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that You qualify an answer or deny only a part of a matter, Your answer must specify the part admitted and qualify or deny the rest. You may assert lack of knowledge or information as a reason for failing to admit or deny only if You state that You have made reasonable inquiry and that the information You know or can readily obtain is insufficient to enable You to admit or deny.

3. The grounds for objecting to a request must be stated. You may not object solely on the ground that the request presents a genuine issue for trial.

4. Where a request addresses acts or omissions of any entity, it shall be construed and interpreted to apply to the acts or omissions of that entity and the acts or omissions of that entity's employees, assigns, contractors, and any other agent of that entity.

5. Unless otherwise stated, the relevant period of time is August 27, 2014 to the present.

6. "Each" shall mean "every" and vice-versa. The same shall apply to "any" or "all." "Including" means "Including but not limited to" or "including without limitation," and "and" encompasses "or" and vice-versa.

7.     Unless otherwise defined, all words have their common meaning.

8.     Defined terms need not be capitalized to retain their defined meanings.

### III. REQUESTS FOR ADMISSION

**REQUEST TO ADMIT NO. 1**

Admit that You caused the Fax to be sent to Plaintiff.

**RESPONSE:**


**REQUEST TO ADMIT NO. 2**

Admit that the Fax is a genuine copy of a facsimile You caused to be sent to Plaintiff.

**RESPONSE:**


**REQUEST TO ADMIT NO. 3**

Admit that You sent the same or substantially similar Fax to Plaintiff and at least 1,000 other Persons during the relevant time period.

**RESPONSE:**


**REQUEST TO ADMIT NO. 4**

Admit that Plaintiff never provided You with any prior express permission or invitation to send the Fax or any other faxes.

**RESPONSE:**


**REQUEST TO ADMIT NO. 5**

Admit that You did not obtain express permission or invitation from any Persons to send faxes prior to Your causing the Fax or other faxes to be sent to them.

**RESPONSE:**

**REQUEST TO ADMIT NO. 6**

Admit that You do not have any established business relationship with Plaintiff.

**RESPONSE:**

**REQUEST TO ADMIT NO. 7**

Admit that You do not have any established business relationship with any member of the proposed Class set forth in the Complaint.

**RESPONSE:**

**REQUEST TO ADMIT NO. 8**

Admit that You sent at least one facsimile message to Plaintiff and to each member of the proposed class set forth in the Complaint.

**RESPONSE:**

**REQUEST TO ADMIT NO. 9**

Admit that the Faxes that You caused to be sent were not solicited.

**RESPONSE:**

**REQUEST TO ADMIT NO. 10**

Admit that the fax at issue announced to readers the commercial availability of property, goods, or services.

**RESPONSE:**

**REQUEST TO ADMIT NO. 11**

Admit that You sent the Fax to Plaintiff in the same manner as You sent copies of the Fax to the members of the proposed class set forth in the Complaint.

**RESPONSE:**

**REQUEST TO ADMIT NO. 12**

Admit that You continue to send unsolicited fax advertisements to members of the proposed class set forth in the Complaint.

**RESPONSE:**

**REQUEST TO ADMIT NO. 13**

Admit that whether any member of the proposed class set forth in the Complaint provided express permission or invitation to receive the Fax is a common question that can be answered using common evidence.

**RESPONSE:**

**REQUEST TO ADMIT NO. 14**

Admit that whether the Fax contained lawful opt-out language is a common question for all members of the proposed class set forth in the Complaint that can be answered using common evidence.

**RESPONSE:**

**REQUEST TO ADMIT NO. 15**

Admit that Plaintiff is an adequate class representative of the proposed class set forth in the Complaint.

**RESPONSE:**

**REQUEST TO ADMIT NO. 16**

Admit that Plaintiff has no actual conflicts with any members of the proposed class set forth in the Complaint.

**RESPONSE:**

**REQUEST TO ADMIT NO. 17**

Admit that Plaintiff has retained counsel experienced in class actions under the JFPA and TCPA who have no actual conflicts with any members of the proposed class set forth in the Complaint.

**RESPONSE:**

**REQUEST TO ADMIT NO. 18**

Admit that the common questions of whether the Faxes were solicited and whether the Faxes contained lawful opt-out language predominate over any potential issues affecting individual members of the proposed class set forth in the Complaint.

**RESPONSE:**

**REQUEST TO ADMIT NO. 19**

Admit that maintaining a class action in this case would be manageable and superior to any other methods for adjudicating the controversy.

**RESPONSE:**

**REQUEST TO ADMIT NO. 20**

Admit that the amounts in controversy presented individually by proposed members of the Class are too low to encourage individual, non-class litigation.

**RESPONSE:**

**REQUEST TO ADMIT NO. 21**

Admit that individual litigation here would present a risk of inconsistent rulings.

**RESPONSE:**

**REQUEST TO ADMIT NO. 22**

Admit that Your sending of the Faxes to Plaintiff and the members of the proposed class set forth in the Complaint violated the TCPA, the JFPA, and their implementing regulations.

**RESPONSE:**

**REQUEST TO ADMIT NO. 23**

Admit that You maintain records from which You can identify all Persons to whom You sent a Fax.

**RESPONSE:**

**REQUEST TO ADMIT NO. 24**

Admit that You were served with a copy of the Complaint and summons in this case on or about September 22, 2018.

**RESPONSE:**

**REQUEST TO ADMIT NO. 25**

Admit that in sending the Faxes to Plaintiff and the other members of the proposed class set forth in the Complaint You knowingly and willfully violated the JFPA.

**RESPONSE:**

|  |  |
|---|---|
|  | Respectfully, |
| Dated: December 18, 2018 | STONE & COMPANY, INC., individually, and on behalf of all others similarly situated, |
|  | /s/ Patrick H. Peluso<br>One of Plaintiff's Attorneys |

Stuart C. Gaul, Jr.
Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA 15219
412-261-5100 (P)
412-261-5101 (F)
stuart.gaul@gaul-legal.com

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*pro hac vice admission*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date indicated below, the foregoing document (and any attachments or accompanying documents) was sent to process server for service in the State of Oklahoma upon all parties in this matter.

Date: December 18, 2018

/s/ Patrick H. Peluso