IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation,<br><br>Defendant. | Case No. 2:18-cv-01135-AJS |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND TO CONDUCT DISCOVERY**

Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Plaintiff" or "Stone") pursuant to F.R.C.P. 15(a)(2) hereby respectfully moves this Court for an order granting Plaintiff leave to file a first amended complaint in the above captioned case. Additionally, following service of the amended complaint, Plaintiff moves the Court for an order granting leave to conduct discovery. In support of the instant motion, Plaintiff states as follows:

1. On August 27, 2018, Plaintiff bought this class action lawsuit alleging wide-scale violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act")—specifically, challenging Defendant PC Shield, Inc.'s ("Defendant" or "PC Shield") practice of sending unsolicited fax advertisements in violation of the Act.

2. On October 30, 2018, the Clerk of Court, pursuant to Rule 55(a), entered default against Defendant. (*See* Dkt. 8.)

3. On November 2, 2018, Plaintiff filed its Motion for Default Judgment, Motion for Class Certification, and Motion for Leave to Conduct Limited Discovery ("Motion"). (Dkt. 11.)

1

4. On November 19, 2018, the Court granted Plaintiff's Motion to conduct limited discovery related to class certification, including serving written discovery on Defendant. (*See* Dkt. 13, ¶ 13.)

5. Thereafter, Plaintiff drafted and served written discovery, which PC Shield predictably ignored.

6. To date, Defendant has not responded or otherwise engaged in the litigation in any fashion.

7. Fed. R. Civ. P. 15 states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

8. Given PC Shield's wholesale refusal to appear and answer for its unlawful actions, Plaintiff is left with little recourse. Throughout the litigation, it has become apparent that PC Shield is merely being used as a shell corporation to shield its principal, Brandie M. Jordan, from personal liability.

9. Therefore, Plaintiff respectfully requests that this Court issue an order granting leave to amend Plaintiff's Complaint. Plaintiff intends to amend its pleadings to include Brandie M. Jordan and potentially other officers, principals, or shareholders of PC Shield as additional Defendant(s) in this action. Further, Plaintiff will add allegations supporting its contention as to why the Court should pierce the corporate veil. This includes the following information: PC Shield has no physical location, its registered agent's address is a P.O. Box, and PC Shield's registered agent, Brandie M. Jordan, previously reached an agreement with the FTC, which put an end to her prior telemarketing activities that were found to be deceptive and fraudulent.

10. Additionally, Fed. R. Civ. P. 26 provides, "A party may not seek discovery from

2

any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), *or when authorized by these rules, by stipulation, or by court order.*" Fed. R. Civ. P. 26(d)(1) (emphasis added).

11.     Here, Plaintiff anticipates the need to conduct additional discovery regarding Brandie M. Jordan, including what her role in sending the faxes at issue was. Plaintiff intends to serve written discovery requests upon Brandie M. Jordan. Further, Plaintiff may serve subpoenas, if necessary, upon third parties who may have discoverable information. Therefore, in addition to requesting leave to amend its pleadings, Plaintiff respectfully requests that the Court issue an order granting leave to conduct discovery following the service of the First Amended Complaint and an opportunity to respond.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff's Motion for Leave to File an Amended Complaint and to Conduct Discovery, and for such additional relief as the Court deems necessary and just.

Respectfully,

Dated: June 14, 2019

STONE & COMPANY, INC., individually, and on behalf of all others similarly situated,

/s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Stuart C. Gaul, Jr.
Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA 15219
412-261-5100 (P)
412-261-5101 (F)
stuart.gaul@gaul-legal.com

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC

3

3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

**pro hac vice admission*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on June 14, 2019.

/s/ Patrick H. Peluso