IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation, and BRANDIE M. JORDAN, an individual,<br><br>Defendants. | Case No. 2:18-cv-01135-AJS |

**PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**

Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Plaintiff" or "Stone"), individually and on behalf of a class of similarly-situated individuals, moves the Court for an Order certifying the proposed Class of similarly-situated individuals. In support of its motion, Plaintiff states as follows:

1.  On August 27, 2018, Plaintiff bought this class action lawsuit pursuant to the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or "Act"), challenging Defendants PC Shield, Inc.'s ("PC Shield") and Brandie M. Jordan's ("Jordan") (collectively "Defendants") practice of sending unsolicited fax advertisements.

2.  The Court should find that the requirements of Rule 23 are met and certify the Class.

3.  The proposed Class meets the requirements of Rule 23(a):

    a.  The Class is so numerous that joinder of all members is impractical;

    b.  There are questions of law and fact common to the class;

c. Plaintiff's claims are typical of the Class's; and

d. Both Plaintiff and its counsel have no interests adverse to the Class and are adequate representatives.

4. Next, the Court should find that Defendants have acted or refused to act on grounds generally applicable to the Class so as to justify certification pursuant to Rule 23(b)(2).

5. The Court should also find that the requirements to certify a Class pursuant to 23(b)(3) are satisfied as well because common questions of law and fact predominate and the class action mechanism is superior to all other available methods of adjudication.

6. For the reasons stated above, the Court should certify the following Class:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendants or on Defendants' behalf an unsolicited telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendants claims they obtained prior express permission or invitation to send those faxes in the same manner as Defendants claim they obtained prior express consent to fax Plaintiff.

7. The Court should appoint Patrick Peluso as class counsel and Plaintiff Stone as the class representative.

8. Finally, for the reasons set forth in this Motion and the accompanying memorandum in support of, Plaintiff requests that the Court grant its Renewed Motion for Class Certification.

WHEREFORE, Plaintiff respectfully requests that the Court grant its Renewed for Class Certification, and grant such other relief as the Court deems necessary and just.

Respectfully,

Dated: October 8, 2019

STONE & COMPANY, INC., individually, and on behalf of all others similarly situated,

/s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Stuart C. Gaul, Jr.
Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA 15219
412-261-5100 (P)
412-261-5101 (F)
stuart.gaul@gaul-legal.com

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*pro hac vice admission*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on October 8, 2019.

/s/ Patrick H. Peluso