**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation, and BRANDIE M. JORDAN, an individual,<br><br>Defendants. | Case No. 2:18-cv-01135-AJS |

**PLAINTIFF'S MEMORANDA IN SUPPORT OF ITS
RENEWED MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

TABLE OF EXHIBITS ............................................................................................................ iv

I.     INTRODUCTION ...........................................................................................................1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................................2

III.   ARGUMENT....................................................................................................................3

       A.     The alleged Class meets each of the requirements of Rule 23(a).......................4

            1.     Numerosity is met here. ...............................................................................5

            2.     The Class shares common questions of law and fact. ..............................5

            3.     Plaintiff's claims are typical. .......................................................................6

            4.     Plaintiff and counsel are adequate representatives. ...............................7

       B.     The Proposed Class Meets the Requirements of Rule 23(b)(2). ........................8

       C.     The Proposed Class meets the requirements of Rule 23(b)(3). ..........................9

            1.     Common questions of law and fact predominate. ...................................9

            2.     A class action is superior to any other method of adjudication. .........10

IV.   CONCLUSION ..............................................................................................................11

## TABLE OF AUTHORITIES

*A & L Industries, Inc. v. P. Cipollini, Inc.*, Civil Action No. 12-07598 (SRC), 2013 WL 5503303 (D.N.J. Oct. 2, 2013) ......................................................................................................... 11

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997) .......................................... 4

*Barnes v. American Tobacco Co.*, 161 F.3d 127 (3d Cir. 1998) ....................................................... 8

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299 (D.N.J. 2013) ................................................................................................. 10

*Georgine v. Amchem Products, Inc.*, 83 F.3d 610 (3d Cir. 1996) .................................................. 10

*Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169 (E.D. Pa. 2014) ........................................................ 10

*In re Industrial Diamonds Antitrust Litig.,* 167 F.R.D. 374 (S.D.N.Y. 1996) .................................. 4

*In re Mushroom Direct Purchaser Antitrust Litigation*, 319 F.R.D. 158 (E.D. Pa. 2016) ............ 10

*In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3d Cir. 2004) ...................................... 7

*Leider v. Ralfe*, No. 1:01-CV-3137 HB FM, 2003 WL 24571746 (S.D.N.Y. Mar. 4, 2003) .......... 4

*Shelton v. Bledsoe*, 775 F.3d 554 (3d Cir. 2015) ........................................................................ 8, 9

*Skeway v. China Natural Gas, Inc.*, 304 F.R.D. 467 (D. Del. 2014) ........................................... 3, 5

*Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001) ..................................................................... 5, 6

*Stewart v. GNP Commodities, Inc.,* 1992 WL 121545 (N.D. Ill. May 26, 1992) ............................ 4

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036 (2016) .............................................................. 9

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ................................................................. 6

**STATUTES, RULES, SECONDARY SOURCES**

Alba Conte & Herbert B. Newberg, Newberg on Class Actions (4th ed. 2001) ............................. 5

Fed. R. Civ. P. 23, *et seq.* ....................................................................................................... *passim*

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ...................................................... 1

## TABLE OF EXHIBITS

Exhibit A – PC Shield Fax ................................................................................................. 2, 3, 8

Exhibit B – PC Shield RFA Excerpts ..................................................................................... *passim*

Exhibit C – Jordan RFA Excerpts .......................................................................................... *passim*

Exhibit D – Firm Resume of Woodrow & Peluso, LLC ................................................................ 7

**I.      INTRODUCTION**

This case challenges Defendants PC Shield, Inc.'s ("PC Shield") and Brandie M. Jordan's ("Jordan") (collectively "Defendants") widespread violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act"), specifically Defendants' practice of sending unsolicited fax advertisements. Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Plaintiff" or "Stone") filed its Class Action Complaint on August 27, 2018, which was later amended on June 19, 2019. Plaintiff has served discovery requests on both Defendants who have failed to answer or otherwise respond. Ultimately, the Court entered Orders deeming the requests for admission directed to each Defendant admitted. Based upon the well-pleaded allegations, Defendants' uniform practices, and the facts conclusively established by Defendants' failure to answer the requests for admission, Plaintiff now renews its motion for class certification.

Plaintiff's claims plainly satisfy each requirement for class certification under Rule 23: the proposed Class is sufficiently numerous, common questions of law and fact predominate over individual issues, Plaintiff's claims are typical of those of the class members, and Plaintiff is an adequate representative and is represented by counsel experienced and well-versed in class action litigation. Finally, a class action is the superior method for resolving the claims at issue, as it would be impracticable and inefficient to require each class member to litigate his/her/its claims separately when they can be resolved on a class wide basis.

Consequently, the Court should certify the following Class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendants or on Defendants' behalf an unsolicited telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendants claims they obtained prior express permission or invitation to send those faxes in the same manner as Defendants claim they obtained prior express consent to fax Plaintiff.

1

(FAC ¶ 24.) As explained further below, the Class meets the requirements of Rule 23(a) and of Rule 23(b)(2) and (b)(3) and should be certified.

Further, as a result of Defendants' failure to respond to Plaintiff's discovery requests, no issues remain that would prevent class certification. Defendants, via their failure to respond to requests for admission, conceded that they sent the same or substantially similar fax to at least one thousand other persons. And no individual issues remain that would prevent certification.

Therefore, the Court should certify the Class.

**II.      STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Defendant PC Shield is a corporation incorporated and existing under the laws of the State of Oklahoma. (FAC ¶ 2.) Defendant Brandie M. Jordan is an individual residing in the State of Oklahoma. (FAC ¶ 3.) Jordan is the incorporator, registered agent, and principal of PC Shield. (*Id.*) To market their products and services, Defendants send unsolicited fax advertisements *en masse*—a plain violation of the JFPA. (FAC. ¶ 7.) In sending the faxes at issue, Defendants fail to include any language informing consumers of their right to opt-out of receiving future faxes. (FAC. ¶ 23.) Moreover, Defendants do not have any prior established business relationship with the persons they fax, which is conceded on the face of the faxes themselves. (FAC ¶ 36; *see also* "PC Shield Fax," a true and accurate copy is attached hereto as Ex. A.)

In Plaintiff Stone's case, it received at least one fax from Defendants advertising Defendants' products and services, namely their computer protection software. (FAC ¶¶ 7, 13.) Plaintiff never consented to receive any faxes from Defendants, nor do they have any prior business relationship or dealings with Defendants. (FAC ¶ 15.) Further, absent any functioning opt-out mechanism, Plaintiff is at the mercy of Defendants regarding the future receipt of faxes.

(FAC ¶ 37.)

Plaintiff filed its Class Action Complaint on August 27, 2018. (Dkt. 1.) On September 22, 2018, Plaintiff obtained service upon PC Shield, via its agent for service of process. (Dkt. 6.)

On January 4, 2019, Plaintiff served its First Set of Requests for Admission to PC Shield ("PC Shield RFA," true and accurate excerpts of which are attached hereto as Ex. B) in addition to other discovery requests. (Dkt. 15, Ex. A.) PC Shield failed to respond. Then, on March 26, 2019, the Court granted Plaintiff's Motion to Deem Requests for Admission Admitted. (Dkt. 17.) A copy of the Court's Order deeming requests for admission admitted was served upon PC Shield on May 1, 2019. (Dkt. 18.)

On June 19, 2019, Plaintiff filed its First Amended Complaint ("FAC") naming Brandie M. Jordan as an additional defendant. (FAC ¶ 21.) Plaintiff served PC Shield and Jordan on June 22, 2019. (Dkts. 23, 24.) Also on June 22, 2019, Plaintiff served its First Set of Discovery Requests to Jordan—including, Requests for Admission ("Jordan RFA," true and accurate excerpts of which are attached hereto Ex. C.). On August 9, 2019, Plaintiff filed a Motion to Deem the Requests for Admission directed to Jordan Admitted. (Dkt. 27.) Shortly thereafter, the Court entered an order that deemed the Jordan RFAs admitted and conclusively established. (Dkt. 28.) On August 13, 2019, as a result of their failure to appear and respond to the FAC, the Clerk of Court entered default against both Defendants. (Dkts. 29, 30.)

Based upon the well-pleaded allegations and Defendants' admissions, the Court should certify the Class.

### III.   ARGUMENT

"'[R]elief cannot be granted to a class before an order has been entered determining that class treatment is proper.'" *Skeway v. China Natural Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del.

3

2014). Indeed, "[a]n entry of default 'does not change the fundamental analysis [the district court] must undertake in deciding whether to certify the class.'" *Id.* (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974)).

Courts have considered certifying a class despite a defendant's failure to appear. *See, e.g., In re Industrial Diamonds Antitrust Litig.,* 167 F.R.D. 374, 386-87 (S.D.N.Y. 1996) (certifying class action against General Electric Company and DeBeers following DeBeers' default); *Stewart v. GNP Commodities, Inc.,* 1992 WL 121545, at *3 (N.D. Ill. May 26, 1992) (plaintiff must meet the requirements of Rule 23(a) despite the defendant's default). "**Indeed, any other conclusion might give defendants an incentive to default in situations where class certification seems likely**." *Leider v. Ralfe*, No. 1:01-CV-3137 HB FM, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part*, No. 01 CIV. 3137 (HB), 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003) (emphasis added).

As explained below, the Court should certify the Class.

### A.     The alleged Class meets each of the requirements of Rule 23(a).

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231 (1997). Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact among the class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

Plaintiff seeks certification here under both Rule 23(b)(2) and 23(b)(3). Under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate…." Fed. R. Civ. P. 23(b)(2). To certify a class under Rule 23(b)(3) there must be questions of law or fact common to the proposed class members that predominate over any questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

As explained further below, the proposed Class in this case meets all of the requirements of Rules 23(a), (b)(2), and (b)(3), and therefore can be properly certified.

### 1. Numerosity is met here.

Numerosity is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Determinations "must be 'based upon common sense.'" *Skeway*, 304 F.R.D. 467, 473; *see also* Alba Conte & Herbert B. Newberg, Newberg on Class Actions ¶ 7.20, 66 (4th ed. 2001). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-227 (3d Cir. 2001). Applied here, Defendants concede that they sent the same or substantially similar fax advertisements to at least one thousand (1,000) persons. (*See* PC Shield RFA No. 3; *see also* Jordan RFA No. 3.) Consequently, the proposed Class of 1,000 persons satisfies the numerosity requirement.

### 2. The Class shares common questions of law and fact.

Rule 23(a) next requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality prong, the representative plaintiff must

5

demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Stewart*, 275 F.3d at 227 (quotation omitted).

Plaintiff and the Class share multiple common issues of law and fact, including whether: (1) Defendants sent them unsolicited fax advertisements, (2) Defendants' faxes advertised the commercial availability of property, goods, or services, (3) Defendants failed to procure prior express permission or invitation to send the faxes, (4) the faxes failed to contain proper opt-out language, (5) Defendants acted knowingly, and (6) whether the Class is entitled to damages and/or injunctive relief. (*See* FAC ¶ 29; *see also* PC Shield RFA Nos. 13, 14; *see also* Jordan RFA Nos. 13, 14.) And because the Class is limited to individuals who Defendants sent an unsolicited fax advertisement that was "substantially similar to Exhibit A," (FAC ¶ 24) the litigation will answer for everyone whether the faxes were unlawful. In short, the case will produce common questions of law and fact for all class members.

### 3. Plaintiff's claims are typical.

The Plaintiff's claims are typical as well. *See* Fed. R. Civ. P. 23(a)(3). "The typicality inquiry centers on whether the interests of the named plaintiffs align with the interests of the absent members." *Stewart*, 275 F.3d at 220. Notably, "'cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims.'" *Id.* (citation omitted). "'[F]actual differences will *not* render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of

6

the [absent] class members, and if it is based on the same legal theory.'" *Id.* (emphasis added).

Here, Defendants subjected Plaintiff and the Class to a nearly identical course of conduct. Defendants sent unsolicited fax advertisements *en masse* to Plaintiff and the Class in violation of the JFPA. (*See* PC Shield RFA Nos. 3, 8, 11, 22, 25; *see also* Jordan RFA Nos. 3, 8, 11, 22, 25.) Defendants treated Plaintiff the same as every other class member—if Plaintiff proves that the faxes were unlawful, then they violated the JFPA with respect to everyone.

### 4.     Plaintiff and counsel are adequate representatives.

Rule 23(a) also requires that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy has two parts: first, "the adequacy inquiry 'tests the qualifications of the counsel to represent the class'"; and second, "it seeks 'to uncover conflicts of interest between named parties and the class they seek to represent.'" *In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516, 532 (3d Cir. 2004).

Plaintiff and its counsel have and will continue to fairly represent the Class. Neither has any conflict with the class members. (*See* PC Shield RFA Nos. 16, 17; *see also* Jordan RFA Nos. 16, 17.) And Defendants concede that Plaintiff is an adequate class representative. (*See* PC Shield RFA No. 15; *see also* Jordan RFA No. 15.) Plaintiff and proposed class counsel have to date spent significant time and resources into the investigation and prosecution of this action. Further, and as Defendants also concede, proposed class counsel are respected members of the legal community and have experience litigating class actions of similar size, scope, and complexity. (*See* PC Shield RFA No. 17; *see also* Jordan RFA No. 17.) Proposed class counsel regularly litigate cases under the JFPA and have the resources necessary to conduct litigation of this nature. (*See* Firm Resume of Woodrow & Peluso, LLC, attached hereto as Ex. D.) As such, Plaintiff and its counsel will continue to adequately represent the Class.

Therefore, the Court should find this requirement is met and appoint Patrick H. Peluso as Class Counsel, and Plaintiff Stone as the Class Representative.

**B.     The Proposed Class Meets the Requirements of Rule 23(b)(2).**

Once Rule 23(a) is satisfied, the inquiry turns to Rule 23(b). In this case, Plaintiff seeks certification under both Rule 23(b)(2) and (b)(3). Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "[T]he key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted'" *Shelton v. Bledsoe*, 775 F.3d 554, 561 (3d Cir. 2015) (citation omitted). While Rule 23(b)(2) class actions "have no predominance or superiority requirements, it is well established that the class claims must be cohesive." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 143 (3d Cir. 1998).

Here, Defendants subjected Plaintiff and the Class to a uniform course of conduct. Defendants sent unsolicited fax advertisements that marketed their products and services to at least one thousand individuals with whom it had no prior business dealings or consent. (*See* PC Shield RFA Nos. 3, 5, 7; *see also* Jordan RFA Nos. 3, 5, 7.) Defendants also uniformly failed to apprise recipients of their ability to opt-out of receiving future faxes, as required by the JFPA. (*See* Ex. A.) Importantly, Defendants concede that they acted in the exact same manner with respect to all members of the proposed Class. (*See* PC Shield RFA No. 11; *see also* Jordan RFA No. 11.) And Defendants concede that they continue to send unsolicited faxes to members of the Class. (*See* PC Shield RFA No. 12; *see also* Jordan RFA No. 12.) Therefore, an injunction against transmitting faxes without permission will apply to and benefit the entire class uniformly. Certification under Rule 23(b)(2) is thus appropriate.

### C. The Proposed Class meets the requirements of Rule 23(b)(3).

Certification is also warranted under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "As compared to Rule 23(b)(2), Rule 23(b)(3) 'allows class certification in a much wider set of circumstances' including those 'in which class-action treatment is not as clearly called for.'" *Shelton*, 775 F.3d at 560.

#### 1. Common questions of law and fact predominate.

"The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016). "When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3).'" *Id.* (citation omitted).

Here, Plaintiff and the Class were subjected to an identical course of conduct insofar as Defendants sent unsolicited fax advertisements to class members with whom they didn't have any prior business relationship and the faxes uniformly failed to apprise class members of their right to opt-out as required by the JFPA. (*See* PC Shield RFA Nos. 5, 7, 8, 11; *see also* Jordan RFA Nos. 5,6, 8, 11.) Further, Defendants concede that the common questions of whether their faxes were solicited and whether they contained lawful opt-out language predominate over any potential issues affecting individual members of the proposed Class. (*See* PC Shield RFA No. 18; *see also* Jordan RFA No. 18.) As such, the claims are subject to common proof, and no individualized issues exist to defeat predominance under Rule 23(b)(3).

9

**2.     A class action is superior to any other method of adjudication.**

Finally, Rule 23(b)(3) requires that the class action mechanism be superior to other available methods for adjudicating the controversy. Fed. R. Civ. P 23(b)(3). "The rule asks us to balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication." *Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 632 (3d Cir. 1996) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 757 (3d Cir. 1974). "Factors relevant to a finding of superiority include ''class members' interests in pursuing separate actions, the extent of any independent litigation already begun by class members, the desirability of concentrating the litigation in this forum, and the difficulties likely to be encountered in the management of a class action.'" *In re Mushroom Direct Purchaser Antitrust Litigation*, 319 F.R.D. 158, 208 (E.D. Pa. 2016).

JFPA cases are best treated as class actions. Plaintiff seeks statutory damages in the amount of $500 per violation—a small amount that renders individual suits prohibitively expensive. Indeed, Defendants concede that the amounts in controversy are too low to encourage individual litigation, and maintaining a class action in this case would be manageable and superior to any other method of adjudication. (*See* PC Shield RFA Nos. 19, 20; *see also* Jordan RFA Nos. 19, 20.) Moreover, Defendants also concede that individualized trials would result in duplicative cases and inconsistent rulings. (*See* PC Shield RFA No. 21; *see also* Jordan RFA No. 21.) Further, individualized trials would put a strain on courts and waste of judicial time and resources. Not surprisingly, courts certify classes for violations of the JFPA regularly. *See Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 191 (E.D. Pa. 2014) (certifying a JFPA class noting, "each individual class member are small—at most $1500 per violation—it is unlikely that the class members have interest in individually controlling the prosecution of separate actions."); *see also City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 323 (D.N.J.

10

2013); *see also A & L Industries, Inc. v. P. Cipollini, Inc.*, Civil Action No. 12-07598 (SRC), 2013 WL 5503303, at *5 (D.N.J. Oct. 2, 2013) (finding that the potential recoveries "do not incentivize TCPA plaintiffs to sue individually.").

As such, the Court should find that a class would be superior here.

### IV.   CONCLUSION

Plaintiff respectfully requests that the Court certify the Class, appoint Patrick H. Peluso of Woodrow & Peluso, LLC as Class Counsel, appoint Plaintiff Stone as Class Representative, and award such additional relief as it deems necessary, reasonable, and just.

|  |  |
|---|---|
|  | Respectfully, |
| Dated: October 8, 2019 | STONE & COMPANY, INC., individually and on behalf of all others similarly situated, |
|  | /s/ Patrick H. Peluso<br>One of Plaintiff's Attorneys |
|  | Stuart C. Gaul, Jr.<br>Pa. I.D. No. 74529<br>Gaul Legal LLC<br>100 Ross Street, Suite 510<br>Pittsburgh, PA 15219<br>412-261-5100 (P)<br>412-261-5101 (F)<br>stuart.gaul@gaul-legal.com |
|  | Patrick H. Peluso<br>ppeluso@woodrowpeluso.com*<br>Woodrow & Peluso, LLC<br>3900 East Mexico Ave., Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 213-0675<br>Facsimile: (303) 927-0809 |
|  | *Counsel for Plaintiff and the Putative Class* |
|  | *pro hac vice admission |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on October 8, 2019.

/s/ Patrick H. Peluso