# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation, and BRANDIE M. JORDAN, an individual,<br><br>Defendants. | Case No. 2:18-cv-01135-AJS |

## PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT

Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Plaintiff" or "Stone"), individually and on behalf of a class of similarly-situated individuals, moves the Court for an Order entering default judgment against Defendants PC Shield, Inc. ("PC Shield") and Brandie M. Jordan ("Jordan") (collectively "Defendants"). In support of its motion, Plaintiff states as follows:

1. On August 27, 2018, Plaintiff bought this class action lawsuit pursuant to the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or "Act"), challenging PC Shield's practice of sending unsolicited fax advertisements.

2. On September 22, 2018, Plaintiff served a copy of the Complaint and Summons on Defendant's agent for service of process, Brandie M. Jordan (aka Brandie M. Law), which placed PC Shield's deadline to respond to Plaintiff's complaint on October 15, 2018. (*See* Dkt. 6.)

3. PC Shield failed to respond to Plaintiff's complaint.

1

4. Accordingly, on October 30, 2018, the Clerk of Court, pursuant to Rule 55(a), entered default against PC Shield. (*See* Dkt. 8.)

5. On November 2, 2018, Plaintiff filed its Motion for Default Judgment, Motion for Class Certification, and Motion for Leave to Conduct Limited Discovery. (Dkt. 11.)

6. On November 19, 2018, the Court granted Plaintiff's Motion to conduct limited discovery related to class certification, including serving written discovery on PC Shield. (*See* Dkt. 13, ¶ 13.)

7. Thereafter, Plaintiff served discovery requests on PC Shield, including Requests for Admission.

8. On March 26, 2019, the Court entered an Order deeming the Requests for Admission admitted. (Dkt. 17.)

9. On June 14, 2019, Plaintiff filed its Motion for Leave to File an Amended Complaint and to Conduct Discovery (dkt. 19), which the Court granted on June 17, 2019 (dkt. 20).

10. Thereafter, on June 19, 2019, Plaintiff filed its First Amended Complaint naming Brandie M. Jordan as an additional defendant.

11. On June 22, 2019, Plaintiff served a copy of the First Amended Complaint, Summons, and initiating documents on both Defendants. (Dkts. 23, 24.)

12. At the same time, Plaintiff served its First Set of Discovery Requests upon Defendant Brandie M. Jordan, which included Requests for Admission. (Dkt. 27, Ex. B.)

13. Neither Defendant responded to Plaintiff's First Amended Complaint.

14. On August 9, 2019, Plaintiff filed its Motion to Deem Requests for Admission Admitted as to Brandie M. Jordan. (Dkt. 27.)

15. Then on August 12, 2019, the Court issued its Order, which deemed Plaintiff's First Set of Requests for Admission to Defendant Brandie M. Jordan as admitted and conclusively established. (Dkt. 28.)

16. On August 13, 2019, the Clerk of Court, pursuant to Rule 55(a), entered default against both Defendants.

17. On October 8, 2019, Plaintiff filed its Motion for Class Certification, which requests that the Court enter an Order certifying its proposed Class of similarly situated individuals. (Dkt. 36.)

Default Judgment

18. The Court should enter default judgment against the Defendants because all of the following prerequisites are met: (1) the *Chamberlain* factors weigh in favor of default; (2) the Court properly possesses jurisdiction to render judgment; (3) Plaintiff sufficiently stated a claim for relief; and (4) damages are reasonable and ascertainable.

19. Absent an entry of default judgment, Plaintiff and the Class would suffer substantial prejudice and would be left with no recourse against Defendants' unlawful actions. Further, because Defendants have not responded to Plaintiff's complaint, there are no defenses for the Court to consider. Finally, Defendants' failure to respond was the result of culpable conduct because they were timely served, had a (more than) sufficient opportunity to respond, and subsequently chose to ignore their obligation to defend themselves altogether.

20. This Court also has jurisdiction over both the subject matter of the case as well as personal jurisdiction over the Defendants. This Court possesses subject matter jurisdiction under 28 U.S.C. § 1331 as this case arises under the JFPA, a federal statute. Additionally, the Court has

personal jurisdiction over the Defendants because Defendants knowingly targeted their actions towards the State of Pennsylvania and were properly served by Plaintiff.

21.     Plaintiff has sufficiently stated a plausible claim for relief. That is, Plaintiff alleged that Defendants has sent unsolicited fax advertisements to Plaintiff and the Class. (*See* "PC Shield Fax," a copy of which is attached as Ex. A to Plaintiff's memorandum in support of the instant motion.) Further, Plaintiff alleged that the faxes were sent without the recipients' consent and that none of the exceptions to the JFPA apply.

22.     Finally, Plaintiff requests the minimum statutory damages of $500 *per fax* sent to the Class. Given that Defendants have conceded that they sent the same or substantially similar fax to one thousand (1,000) other class members, Plaintiff requests that the Court enter an Order holding Defendants liable for $500,000 in total damages.

23.     Finally, for the reasons set forth in this Motion and the accompanying memorandum in support of, Plaintiff requests that the Court grant its Renewed Motion for Default Judgment.

WHEREFORE, Plaintiff respectfully requests that the Court grant its Renewed Motion for Default Judgment, and grant such other relief as the Court deems necessary and just.

Respectfully,

Dated: October 8, 2019

STONE & COMPANY, INC., individually, and on behalf of all others similarly situated,

/s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Stuart C. Gaul, Jr.
Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA 15219
412-261-5100 (P)

4

412-261-5101 (F)
stuart.gaul@gaul-legal.com

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*pro hac vice admission*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on October 8, 2019.

/s/ Patrick H. Peluso