IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PC SHIELD INC., an Oklahoma corporation, and BRANDIE M. JORDAN, an individual,<br><br>Defendants. | Case No. 2:18-cv-01135-AJS |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
RENEWED MOTION FOR DEFAULT JUDGMENT**

WHEREAS, an alleged class action is pending before this Court entitled *Stone v. PC Shield, Inc., et al.*, Case No. 2:18-cv-01135-AJS; and

WHEREAS, the Court has read and considered Plaintiff's Renewed Motion for Default Judgment, the Memoranda in Support, and the exhibits attached thereto ("Motion"). The Court, being fully advised in the premises, finds good cause being shown,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Defendant PC Shield, Inc. ("PC Shield") was properly served on June 22, 2019.

2. Defendant Brandie M. Jordan ("Jordan") (collectively with PC Shield "Defendants") was properly served on June 22, 2019.

3. To date, Defendants have failed to appear and answer or otherwise respond to the First Amended Complaint ("FAC").

4. On August 13, 2019, the Clerk of Court properly entered default against Defendants.

5. Absent an entry of default judgment, Plaintiff and the Class would suffer substantial prejudice.

6. Given that Defendants failed to respond to Plaintiff's First Amended Complaint, there are no meritorious defenses for this Court to consider.

7. Defendants were timely served, had ample opportunity to respond, and passed on the opportunity to respond to the FAC. Thus, Defendants' refusal to respond is the result of culpable conduct.

8. The Court finds that it has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.

9. The Court finds that it has personal jurisdiction over the Defendants.

10. Plaintiff's FAC contains well-pleaded factual allegations that sufficiently states a cause of action for violations for the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act"), based on Defendants' pattern of sending unsolicited fax advertisements. Further, none of the exceptions to the JFPA apply.

11. The Court finds the sum of damages to be reasonable, given that Plaintiff is seeking the minimum statutory damages on behalf of himself and the Class. Accordingly, the Court finds that Defendants shall be liable for $500 *per fax* for each fax advertisement sent to Plaintiff and the one thousand (1,000) class members. The Court finds the total sum of damages to be $500,000.

12. The Court also finds that Plaintiff is entitled to an injunction on behalf of itself and the Class requiring Defendants to cease the transmission of all fax advertisements.

13.     Based upon the foregoing reasons, the Court grants Plaintiff's Motion for Default Judgment.

**IT IS SO ORDERED.**

_____  
Arthur J. Schwab  
United States District Judge