## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

WENDELL H. STONE COMPANY, INC.
d/b/a STONE & COMPANY, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

PC SHIELD INC., an Oklahoma corporation,
and BRANDIE M. JORDAN, an individual,

        Defendants.

Case No. 2:18-cv-01135-AJS

## PLAINTIFF'S MEMORANDA IN SUPPORT OF ITS
## RENEWED MOTION FOR DEFAULT JUDGMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

TABLE OF EXHIBITS .............................................................................................. v

I.      INTRODUCTION ........................................................................................1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................................2

III.    ARGUMENT ..............................................................................................4

        A.      An examination of the *Chamberlain* factors favors the entry of default...........4

                1.      Plaintiff would suffer substantial prejudice absent a default. ..............5

                2.      Defendants failed to respond to the FAC, therefore, no meritorious
                        defense exists............................................................................6

                3.      Defendants' delay is the result of culpable conduct............................6

        B.      The Court has jurisdiction over both the Defendants and
                the subject matter. .................................................................................7

        C.      Default judgment is warranted because the well-pleaded allegations of the
                Complaint establish that Defendants violated the JFPA. ..................................8

        D.      The damages sought are reasonable and ascertainable...................................10

IV.     CONCLUSION ..........................................................................................11

## TABLE OF AUTHORITIES

*Airco Indus. Gases, Inc. Div. of the BOC Group, Inc. v. Teamsters Health and Welfare Pension Fund of Philadelphia and Vicinity*, 850 F.2d 1028 (3d Cir. 1988)..........................4

*Board of Trustees of the Laborers' Dist. Council Const. Industry Pension Fund v. ABC*, No. Civ.A. 04-2295, 2004 WL 2579611 (E.D. Pa. Nov. 3, 2004) ................................6

*Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537 (E.D. Pa. 2008) .............................................................................................10

*C.J. Hughes Construction Company Inc. v. EQM Gathering OPCO, LLC*, No. 2:18-cv-168, 2019 WL 617202 (W.D. Pa. Feb. 14, 2019) ......................................................4

*Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213 (E.D. Pa. Aug. 10, 2012) .................................................5, 6, 7

*Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000)......................................................1, 4, 5

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299 (D.N.J. 2013)..................................................................................9

*Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F.Supp.2d 599 (E.D. Pa. 2009) .......................................................................5

*Fonovisa, Inc. v. Merino*, Civil Action 06-3538, 2006 WL 3437563 (D.N.J. Nov. 27, 2006)......10

*Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120 (3d Cir. 1983).......................................7

*Harris v. Dollar General Corporation*, Civil Action No. 16-416, 2016 WL 2733227 (W.D. Pa. May 11, 2016)..................................................................................................8

*Michaels v. Micamp Merchant Services*, Civil Action No. 13-191E, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013) ................................................................................7

*Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012).....................................................8

*Newman v. Universal Medical Administration Services, LLC*, Case No. 3:18-cv-74, 2018 WL 4440512 (W.D. Pa. Sept. 17, 2018) ..................................................4, 7

*Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873 (D.N.J. Nov. 8, 2016) ............................................................................................5, 6

*Sullivan v. DB Investments, Inc.*, Civil Action No. 04-2819 (SRC), 2008 WL 8747721 (D.N.J. May 22, 2008)......................................................................................10

*Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co.*, Civil No. 11-7137 (JBS)(KMW), 2012 WL 3018062 (D.N.J. July 24, 2012) ......................4

*United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL 475313 (D.N.J. Feb. 8, 2016) .........................................................5, 6, 7

**STATUTES, RULES, SECONDARY SOURCES**

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ...............................................1, 8, 9

# TABLE OF EXHIBITS

Exhibit A – PC Shield Fax .................................................................................................2, 3, 8, 9

Exhibit B – PC Shield RFA Excerpts .........................................................................3, 9, 10, 11

Exhibit C – Jordan RFA Excerpts ..............................................................................3, 9, 10, 11

## I.    INTRODUCTION

This case challenges Defendants PC Shield, Inc.'s ("PC Shield") and Brandie M. Jordan's ("Jordan") (collectively "Defendants") widespread violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act"), specifically Defendants' practice of sending unsolicited fax advertisements. Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Plaintiff" or "Stone") filed its Class Action Complaint on August 27, 2018, which was later amended on June 19, 2019. To date, neither Defendant has filed a responsive pleading nor contacted Plaintiff's counsel. Plaintiff now renews its motion for default judgment.

Default judgment is warranted because each of the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (the "*Chamberlain* factors") is met, the Court has jurisdiction to render judgment, and Plaintiff's complaint states a claim for relief.

First, regarding the *Chamberlain* factors, Plaintiff would suffer substantial prejudice absent an entry of a default judgment and would be left with no recourse at all. Plaintiff would also be left to the mercy of the Defendants as to when and if future unlawful faxes may be sent. For their part, Defendants have failed to answer or otherwise respond, therefore, no defenses exist. Further, Defendants were timely served, have had ample opportunity to respond, and have simply ignored this litigation altogether. Lastly, when served with discovery requests, both Defendants chose to continue to ignore the present litigation.

Second, this Court has both subject matter jurisdiction and personal jurisdiction over the Defendant. The case arises under the JFPA, a federal statute, and thus federal question jurisdiction exists. The Court also has personal jurisdiction over the Defendants because they knowingly sent faxes to numbers in the State of Pennsylvania, and they were properly served.

Third, Plaintiff pleads a plausible claim for relief. Defendants send unsolicited faxes to individuals *en masse* to market their products and services. No exceptions apply. Defendants have no prior existing business relationship—a fact that the faxes concede on their faces—and none of the faxes contain any of the required opt-out language.

Lastly, the damages are reasonable and ascertainable, and default should be entered with respect to Plaintiff and the Class of similarly situated individuals. (*See* Dkt. xx.) Plaintiff seeks the minimum statutory damages under the JFPA. Further, based upon the admitted facts, Defendants' conceded that they sent the same fax to at least one thousand (1,000) other persons during the relevant time period. Consequently, the Court should find that damages in the sum of $500,000 are reasonable and ascertainable.

Therefore, the Court should enter default judgment against Defendants. Further default should be entered with respect to the claims of Plaintiff and the Class.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant PC Shield is a corporation incorporated and existing under the laws of the State of Oklahoma. (FAC ¶ 2.) Defendant Brandie M. Jordan is an individual residing in the State of Oklahoma. (FAC ¶ 3.) Jordan is the incorporator, registered agent, and principal of PC Shield. (*Id.*) To market their products and services, Defendants send unsolicited fax advertisements *en masse*—a plain violation of the JFPA. (FAC. ¶ 7.) In sending the faxes at issue, Defendants fail to include any language informing consumers of their right to opt-out of receiving future faxes. (FAC. ¶ 23.) Moreover, Defendants do not have any prior established business relationship with the persons they fax, which is conceded on the face of the faxes themselves. (FAC ¶ 36; *see also* "PC Shield Fax," a true and accurate copy is attached hereto as Ex. A.)

In Plaintiff Stone's case, it received at least one fax from Defendants advertising Defendants' products and services, namely their computer protection software. (FAC ¶¶ 7, 13.) Plaintiff never consented to receive any faxes from Defendants, nor do they have any prior business relationship or dealings with Defendants. (FAC ¶ 15.) Further, absent any functioning opt-out mechanism, Plaintiff is at the mercy of Defendants regarding the future receipt of faxes. (FAC ¶ 37.)

Plaintiff filed its Class Action Complaint on August 27, 2018. (Dkt. 1.) On September 22, 2018, Plaintiff obtained service upon PC Shield, via its agent for service of process. (Dkt. 6.)

On January 4, 2019, Plaintiff served its First Set of Requests for Admission to PC Shield ("PC Shield RFA," true and accurate excerpts of which are attached hereto as Ex. B) in addition to other discovery requests. (Dkt. 15, Ex. A.) PC Shield failed to respond. Then, on March 26, 2019, the Court granted Plaintiff's Motion to Deem Requests for Admission Admitted. (Dkt. 17.) A copy of the Court's Order deeming requests for admission admitted was served upon PC Shield on May 1, 2019. (Dkt. 18.)

On June 19, 2019, Plaintiff filed its First Amended Complaint ("FAC") naming Brandie M. Jordan as an additional defendant. (FAC ¶ 21.) Plaintiff served PC Shield and Jordan on June 22, 2019. (Dkts. 23, 24.) Also on June 22, 2019, Plaintiff served its First Set of Discovery Requests to Jordan—including, Requests for Admission ("Jordan RFA," true and accurate excerpts of which are attached hereto Ex. C). On August 9, 2019, Plaintiff filed a Motion to Deem the Requests for Admission directed to Jordan Admitted. (Dkt. 27.) Shortly thereafter, the Court entered an order that deemed the Jordan RFAs admitted and conclusively established. (Dkt. 28.) On August 13, 2019, as a result of their failure to appear and respond to the FAC, the Clerk of Court entered default against both Defendants. (Dkts. 29, 30.)

Based upon the well-pleaded allegations and Defendants' admissions, the Court should enter default judgment in favor of Plaintiff and the Class.

## III.    ARGUMENT

Upon entry of default, "the Court must take as true the factual allegations of the complaint, except those relating to the amount of damages." *Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co.*, Civil No. 11-7137 (JBS)(KMW), 2012 WL 3018062, at *2 (D.N.J. July 24, 2012). "Entry of default judgment where damages are not a sum certain requires an application to the Court to prove, *inter alia*, damages." *Id.* However, by failing to respond to discovery requests, a "defendant is deemed to have admitted those statements for purposes of this case." *C.J. Hughes Construction Company Inc. v. EQM Gathering OPCO, LLC*, No. 2:18-cv-168, 2019 WL 617202, at *2 (W.D. Pa. Feb. 14, 2019). Further, an admission is "an unassailable statement of fact that narrows the triable issues in the case." *Airco Indus. Gases, Inc. Div. of the BOC Group, Inc. v. Teamsters Health and Welfare Pension Fund of Philadelphia and Vicinity*, 850 F.2d 1028, 1037 (3d Cir. 1988).

Prior to entering default judgment, "a district court must be satisfied that (1) the *Chamberlain* factors favor the entry of default judgment, (2) the court has subject matter and personal jurisdiction, and (3) the plaintiff's complaint plausibly states a claim." *Newman v. Universal Medical Administration Services, LLC*, Case No. 3:18-cv-74, 2018 WL 4440512, at *2 (W.D. Pa. Sept. 17, 2018). As explained below, this test is met here.

### A.    An examination of the *Chamberlain* factors favors the entry of default.

When exercising discretion as to the entry of default judgment, the Third Circuit requires the Court to analyze the following *Chamberlain* factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether

defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Each of these factors weighs in favor of entering default judgment.

### 1.    Plaintiff would suffer substantial prejudice absent a default.

The first factor examines the prejudice that Plaintiff would suffer if a default judgment were not entered. *See Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F.Supp.2d 599, 606 (E.D. Pa. 2009). Courts routinely find prejudice when a defendant fails to respond to the complaint—which deprives a plaintiff of an adequate remedy and can result in the loss of evidence. *See Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016) ("Defendant Small's failure to respond to Plaintiff's Complaint or to oppose the Motion for Default Judgment has deprived the Plaintiff of the opportunity to litigate its claim against Defendant Small. Additionally, Plaintiff would suffer prejudice because it has no other remedy against Defendant Small."); *see also United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) ("Here, Defendant refused to participate in this matter, and at present, this delay may stretch on indefinitely. Thus, denying this motion for default judgment will prejudice Plaintiff."); *see also Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012) ("A plaintiff is prejudiced if denying the default judgment would result in the loss of evidence or impair the plaintiff's ability to effectively pursue his or her claim.").

Applied here, Plaintiff and the class members face substantial prejudice if default isn't entered. Absent a default, Defendants would escape being held accountable for their unlawful faxes, and Plaintiff and the Class would recover nothing despite the JFPA's provision for both statutory damages and injunctive relief. Further, absent an entry of default, evidence could be lost or impaired as memories fade and documents are destroyed. Additionally, Defendants' repeated failure to respond to Plaintiff's Complaint, First Amended Complaint, first Motion for

Default Judgment, First Set of Discovery Requests to PC Shield, First Set of Discovery Requests to Jordan, and two Motions to Deem Requests for Admission Admitted only underscores the prejudice that Plaintiff and the Class face. In short, the prospect of prejudice to Plaintiff and the Class supports entering a default judgment.

**2.    Defendants failed to respond to the FAC, therefore, no meritorious defense exists.**

The second factor looks at any meritorious defense. *See Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016). "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Board of Trustees of the Laborers' Dist. Council Const. Industry Pension Fund v. ABC*, No. Civ.A. 04-2295, 2004 WL 2579611, at *2 (E.D. Pa. Nov. 3, 2004). However, this factor is "only relevant where the defendant moves to open or set aside default judgment." *Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213, at *3 (E.D. Pa. Aug. 10, 2012). Accordingly, where a defendant refuses to answer or otherwise respond, courts find that no meritorious defense exists to be considered. *See Id.* ("because the Defaulted Defendants have not answered or otherwise responded, they have not alleged any facts or asserted any defenses, much less a meritorious one."); *see also Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016) (same); *see also United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) (same).

Defendants have not responded to this lawsuit in any fashion. As such, there are no meritorious defenses for the Court to consider.

**3.    Defendants' delay is the result of culpable conduct.**

The third factor examines whether Defendant's refusal to answer is the result of culpable

6

conduct, which in this context "means actions taken willfully or in bad faith." *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983). "A properly served defendant has an obligation to defend himself against a plaintiff's claims, or he must expect that a judgment may be entered against him." *United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016). Thus, "[n]on-responsiveness and refusal by Defendant to engage in the litigation process constitutes culpable conduct because Defendant is obligated to defend against Plaintiff's claims." *See id*; *see also Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213, at *3 (E.D. Pa. Aug. 10, 2012) (finding the defendant's failure to respond to the complaint or the motion for default judgment is indicative of culpability).

Defendants were timely served with a copy of the FAC and Summons, which explicitly informed Defendants of their obligation to defend themselves. (Dkts. 23, 24.) Rather than answer or otherwise plead, Defendants have ignored the litigation altogether. Further, Plaintiff served its First Set of Discovery Requests directed to PC Shield on January 4, 2019. (Dkt. 15, Ex. B.) Plaintiff also served its First Set of Discovery Requests directed to Jordan on June 22, 2019. (Dkt. 27, Ex. B.) Neither Defendant made an attempt to respond to the discovery requests. Therefore, the Defendants' wholesale refusal to engage in this litigation constitutes culpable conduct, and this factor supports granting Plaintiff's motion for default judgment.

### B.    The Court has jurisdiction over both the Defendants and the subject matter.

"'[P]rior to the entry of default judgment, the [d]istrict [c]ourt must satisfy itself that the [c]ourt has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought.'" *Newman v. Universal Medical Administration Services, LLC*, Case No. 3:18-cv-74, 2018 WL 4440512, at *2 (W.D. Pa. Sept. 17, 2018). Personal jurisdiction can be maintained where "the claims arises from or relates to conduct purposely directed at the forum state." *Michaels v. Micamp Merchant Services*, Civil

7

Action No. 13-191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013). In the TCPA/JFPA

context, the standard is met when a defendant knowingly directed its activities to the forum state.

*See Id.* (finding no personal jurisdiction where, "[p]laintiff's cellular telephone number bears a

Florida area code, not one registered to Pennsylvania, and at no time did Plaintiff inform

Defendants that he was located in Pennsylvania."). Applied here, Defendants knowingly directed

their fax to Plaintiff in the State of Pennsylvania—a fact proven by the fax itself, which bears

Plaintiff's Pennsylvania address (city, state, and zip code). (Ex. A; *see also* FAC ¶ 4.)

Another "necessary prerequisite to the exercise of personal jurisdiction over a defendant

is that the complaint and summons be served on the defendant." *Harris v. Dollar General*

*Corporation*, Civil Action No. 16-416, 2016 WL 2733227, at * 1 (W.D. Pa. May 11, 2016). As

evidenced by the returns of service (dkts. 23, 24), Defendants were personally served with a copy

of the summons, FAC, and relevant documents on June 22, 2019. Put simply, the Court has

personal jurisdiction.

The Court also has subject matter jurisdiction. The claims arise under the TCPA. *See*

*Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 387 (2012) ("Federal courts have § 1331

jurisdiction over claims that arise under federal law. Because federal law gives rise to the claim

for relief Mims has stated and specifies the substantive rules of decision, the Eleventh Circuit

erred in dismissing *Mims's* case for lack of subject-matter jurisdiction."). Accordingly, the Court

has jurisdiction over both the subject matter and the parties.

### C.    Default judgment is warranted because the well-pleaded allegations of the Complaint establish that Defendants violated the JFPA.

The JFPA makes it unlawful for any person "to use any telephone facsimile machine,

computer, or other device to send, to a telephone facsimile machine, an unsolicited

advertisement…" 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" means "any material

advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). To state a claim for a violation of the JFPA, "the plaintiff must specifically point to evidence in the record sufficient to establish that: (1) the defendant utilized a 'telephone facsimile machine' to send 'one or more faxes;' (2) that the transmissions constituted ''advertisements;'' and (3) that the defendant sent the transmissions without the recipient's consent, absent application of one of the statutory exceptions." *City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 323 (D.N.J. 2013).

Further, under the TCPA, "an individual acting on behalf of a corporation may, under certain limited circumstances, be held personally or individually liable for the corporation's violations of the TCPA if the individual: (1) had direct, personal participation in the conduct found to have violated the TCPA, or (2) personally authorized the conduct found to have violated the TCPA." *City Select Auto Sales Inc. v. David Randall Associates, Inc.*, 885 F.3d 154, 157-58 (3d Cir. 2018). "Thus, the personal liability of a corporate director or officer must be founded upon his active oversight of, or control over, the conduct that violated the TCPA, rather than merely tangential involvement." *Id.* at 158.

Plaintiff alleges that Defendants have a practice of sending unsolicited fax advertisements to Plaintiff and the Class, which advertise the commercial availability of their goods or services. (FAC ¶¶ 5, 7, 11, 12, 13.) Defendants concede that they sent a fax to Plaintiff that constituted an advertisement. (*See* PC Shield RFA Nos. 1, 10; *see also* Jordan RFA Nos. 1, 10.) The faxes were sent without the recipients' consent and none of the exceptions to the JFPA apply. (*See* FAC ¶¶ 36, 38; *see also* PC Shield RFA Nos. 4, 5; *see also* Jordan RFA Nos. 4, 5.) Further, Plaintiff's fax was unsolicited and failed to bear the required opt-out language. (*See* Ex. A; *see also* PC

Shield RFA No. 9; *see also* Jordan RFA No. 9.) As such, Plaintiff has stated a viable claim.

Furthermore, the liability should extend to Defendant Jordan. Jordan personally directed, oversaw, and executed the fax campaign at issue. (FAC ¶ 21; *see also* Jordan RFA Nos. 1, 8, 22, 25.) Further, Jordan concedes that she has complete control over the management and operations of PC Shield. (*See* Jordan RFA No. 26.) Moreover, Jordan concedes that she is: the alter ego of PC Shield; the sole shareholder, manager, and principal of PC Shield; and receives all of the monies paid to PC Shield. (*See* Jordan RFA Nos. 28, 30, 32, 36.) Jordan also utilized PC Shield's name to avoid legal liability and has not maintained any corporate formalities. (*See* Jordan RFA Nos. 27, 29, 31, 34, 35, 37.) Thus, it can readily be determined that Jordan was directly involved and participated in the unsolicited fax campaign at issue. Likewise, it is also clear that Jordan personally authorized the conduct. Consequently, Jordan should be held liable for the damages sought.

### D.      The damages sought are reasonable and ascertainable.

"Once default judgment is entered, where there are no damages for a 'sum certain[,]' a 'court may conduct such hearings or order such references as it deems necessary and proper.'" *Sullivan v. DB Investments, Inc.*, Civil Action No. 04-2819 (SRC), 2008 WL 8747721, at *20 (D.N.J. May 22, 2008). "[P]laintiffs must make a showing regarding the amount of damages, although the standard for demonstrating those damages is 'somewhat relaxed[.]'" *Id.* (citing *Rossi v. Standard Roofing, Inc.*, 156 F.3d 452, 484 (3d Cir. 1998)). "Damages may be calculated based on 'inferential as well as (upon) direct and positive proof.'" *Id.* Minimum statutory damages are routinely found to be reasonable. *See Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 544 (E.D. Pa. 2008) ("courts can order the minimum statutory damages without conducting a hearing."); *see also Fonovisa, Inc. v. Merino*, Civil

Action 06-3538, 2006 WL 3437563, at *2 (D.N.J. Nov. 27, 2006) ("federal courts routinely award minimum statutory damages.").

Plaintiff requests the minimum statutory damages of $500 *per fax* sent to the Class. *See* 47 U.S.C. §227(b)(3)(B).[1] Defendants conclusively admitted that it sent the same or substantially similar fax to Plaintiff and at least one thousand (1,000) other persons during the relevant time period. (*See* PC Shield RFA No. 3; *see also* Jordan RFA No. 3.) Plaintiff therefore requests the minimum statutory damages for each fax sent to the Class for a sum of $500,000 (1,000 times $500). Given that Plaintiff is only requesting the minimum statutory damages, the damages are reasonable.

Hence, the requested damages are reasonable and support entry of default.

## IV.    CONCLUSION

Plaintiff investigated its claims, filed a First Amended Class Action Complaint, and obtained valid service upon the Defendants. Further, Plaintiff drafted and served discovery requests to obtain additional information. In turn, Defendants have failed to appear and defend themselves, and ignored the lawsuit entirely. Therefore, Plaintiff respectfully requests that the Court enter default judgment in favor of Plaintiff and the Class, and award such additional relief as it deems necessary, reasonable, and just.

Respectfully,

Dated: October 8, 2019                     STONE & COMPANY, INC., individually
                                           and on behalf of all others similarly situated,

                                           /s/ Patrick H. Peluso
                                           One of Plaintiff's Attorneys

                                           Stuart C. Gaul, Jr.

---

[1] Plaintiff also seeks a class-wide injunction requiring Defendants to end the transmission of all unsolicited fax advertisements. (FAC ¶ 24; Prayer for Relief ¶ 3.)

Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA 15219
412-261-5100 (P)
412-261-5101 (F)
stuart.gaul@gaul-legal.com

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*pro hac vice admission*

12

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled

document was served upon counsel of record by filing such papers via the Court's ECF system

on October 8, 2019.

/s/ Patrick H. Peluso

13