IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WENDELL H. STONE COMPANY, INC.
*individually and on behalf of all others*
*similarly situated doing business as*        18cv1135
STONE & COMPANY,       ELECTRONICALLY FILED

      Plaintiff,

      v.

PC SHIELD INC. *an Oklahoma corporation*,
and BRANDIE M. Jordan, *an individual,*

      Defendants.

Memorandum Order on Plaintiff's Renewed Motion for Class Certification (Doc. 36)

Pending before the Court is Plaintiff Wendell H. Stone Company, Inc. ("Plaintiff Stone")'s Renewed Motion for Class Certification (Doc. 36) and Renewed Motion for Default Judgment (Doc. 38).

I.     Background

Plaintiff Stone, a Pennsylvania resident, sued the defendants, PC Shield Inc., an Oklahoma corporation, and Brandie M. Jordan, a citizen of the State of Oklahoma, and the incorporator, registered agent, and principal of PC Shield Inc. (collectively "Defendants"). (Doc. 21, ¶¶ 2-3). In its Amended Complaint, Plaintiff Stone asserts a claim on its own behalf, as well as on behalf of a class of individuals, pursuant to the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 *et seq*. (the "TCPA"). (Doc. 21, ¶ 7). As explained by the district court in *Community Vocational Schools of*

*Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, reconsideration denied, 2018 WL 1795423 (W.D. Pa. Apr. 16, 2018):

> The TCPA creates a private cause of action and makes it unlawful for any person "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless the sender and recipient of the unsolicited advertisement are in an established business relationship, the number was provided voluntarily to the recipient by the sender, or the unsolicited advertisement contains a notice meeting the TCPA's enunciated requirements in § 227(b)(2)(D).  47 U.S.C. §§ 227(b)(1)(C) & (b)(3).  An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5). "Importantly, Congress intended that non-commercial faxes fall outside the TCPA's prohibition." *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, Civ. Act. No. 12-2132, 2013 WL 486207, at *2 (D. N.J. Feb. 6, 2013).

*Community Vocational Sch. of Pittsburgh, Inc.*, 307 F.Supp.3d at 413–14. Essentially, Plaintiff Stone is challenging Defendants' practice of sending unsolicited, *en masse,* a facsimile that is the same or similar to the facsimile attached as Exhibit A to the Amended Complaint ("the Exhibit A Fax"). (*Id.*, ¶ 6, Doc. 37 at 2).

Defendants were properly served, but to date, neither have answered Plaintiff Stone's Amended Complaint.  (Doc. 6, Doc. 23, Doc. 24).  On August 13, 2019, the Clerk of Court entered default against Defendants.  (Doc. 29, Doc. 30).

    II.    <u>Analysis</u>

The class Plaintiff Stone seeks to certify is: "All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendants or on Defendants' behalf an unsolicited telephone facsimile message substantially similar to Exhibit A [attached to Amended Complaint], (3) from whom Defendants claim they obtained prior express permission or invitation to send those faxes in the same manner as Defendants claim they obtained prior express consent to fax Plaintiff."  (Doc. 21, ¶ 24).

In *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115 (3d Cir. 2018), the United States Court of Appeals for the Third Circuit recently reiterated the conclusion of the United States Supreme Court that "'[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only'." *Reinig*, 912 F.3d at 124 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (citation and internal quotation marks omitted)). When addressing a motion to certify a class, "the District Court must: (1) conduct rigorous analysis, (2) review all avenues of inquiry in which it may have doubts (even if it requires reviewing the merits), (3) be satisfied, and (4) make a definitive determination on the requirements of Rule 23, or even (5) require that a plaintiff demonstrate actual, not presumed conformance with Rule 23 requirements." *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 485 (3d Cir. 2015). The burden of proof rests with the movant to "'affirmatively demonstrate' certifiability by a preponderance of the evidence." *Wharton v. Danberg*, 854 F.3d 234, 241 (3d Cir. 2017) (citing *Dukes*, 564 U.S. at 350; *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2008)).

Thus Plaintiff Stone, as the proponent of class certification, bears the burden of proving both the prerequisites of a class action under Federal Rule of Civil Procedure 23(a) ("Rule 23(a)"), and that the class fits within one of the Rule 23(b) categories. *Wharton*, 854 F.3d at 241. Plaintiff Stone herein contends that the proposed class fits within both Federal Rule of Civil Procedure 23(b)(2) ("Rule 23(b)(2)") and Federal Rule of Civil Procedure 23(b)(3) ("Rule 23(b)(3)"). In support thereof, Plaintiff Stone argues:

> Plaintiff's claims plainly satisfy each requirement for class certification under Rule 23: the proposed Class is sufficiently numerous, common questions of law and fact predominate over individual issues, Plaintiff's claims are typical of those of the class members, and Plaintiff is an adequate representative and is represented by counsel experienced and well-versed in class action litigation. Finally, a class action is the superior method for resolving the

> claims at issue, as it would be impracticable and inefficient to require each class member to litigate his/her/its claims separately when they can be resolved on a class wide basis.

(Doc. 37 at 1). The evidence upon which Plaintiff Stone relies in support of its Renewed Motion for Class Certification are Requests for Admissions Plaintiff Stone served on Defendants, which this Court deemed to be admitted based upon Defendants' failure to respond to the discovery requests. (Doc. 17, Doc. 28).

    A.  Rule 23(a)

        1.  Rule 23(a)(1) – Numerosity

With respect to Rule 23(a), a plaintiff must sufficiently establish the four prerequisites set forth in subsection (a), the first of which is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement was recently addressed by the Court of Appeals in *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467 (3d Cir. 2018):

> Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Like other factual determinations underlying Rule 23 determinations, it is a "plaintiff's burden to demonstrate numerosity by a preponderance of the evidence." Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 358 (3d Cir. 2013).
>
> In recent years the numerosity requirement has been given "real teeth." Robert H. Klonoff, The Decline of Class Actions, 90 Wash. U. L. Rev. 729, 768 (2013). Although this strengthening of the numerosity inquiry has sometimes been criticized, our precedent nonetheless demands that a court "make a factual determination, based on the preponderance of the evidence, that Rule 23's requirements have been met." Marcus, 687 F.3d at 596. To make such a determination, a court must be presented with evidence that would enable the court to do so without resorting to mere speculation. Id. at 597 (referring to "the line separating inference and speculation").

*Mielo*, 897 F.3d at 484 (footnote omitted).

Plaintiff Stone asserts that numerosity has been established because Defendants, due to their failure to respond to Plaintiff Stone's Requests for Admission, are deemed to have admitted that they "sent the same or substantially similar Fax to Plaintiff and at least 1,000 other Persons during the relevant time period." (Doc. 15-1 at 6, Doc. 17, Doc. 27-1 at 6, Doc. 28). The Court agrees, and finds that the proposed class of at least 1,000 persons satisfies the numerosity requirement of Rule 23(a)(1).

2. Fed. R. Civ. P. 23(a)(2) – Commonality

The second prerequisite of Rule 23(a) is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[T]hat bar is not a high one;" it requires identification of only one common question of fact or law. *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 382 (3d Cir. 2013). This single, common question must be capable of "generat[ing] common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (emphasis in original). "[A]s long as all putative class members were subjected to the same harmful conduct by the defendant, Rule 23(a) will endure many legal and factual differences among the putative class members." *In re Community Bank of N. Va. Mortg. Lending Practices Litig., PNC Bank NA*, 795 F.3d 380, 397 (3rd Cir. 2015).

Plaintiff Stone asserts that Plaintiff Stone and the putative class share multiple common issues of law and fact, including whether:

> (1) Defendants sent them unsolicited fax advertisements, (2) Defendants' faxes advertised the commercial availability of property, goods, or services, (3) Defendants failed to procure prior express permission or invitation to send the faxes, (4) the faxes failed to contain proper opt-out language, (5) Defendants acted knowingly, and (6) whether the Class is entitled to damages and/or injunctive relief. (*See* FAC ¶ 29; *see also* PC Shield RFA Nos. 13, 14; *see also* Jordan RFA Nos. 13, 14.) And because the Class is limited to individuals who Defendants sent an unsolicited fax advertisement that was "substantially similar to Exhibit A," (FAC ¶ 24) the litigation will answer for everyone whether the faxes were unlawful.

(Doc. 37 at 10).

Having reviewed the allegations contained in the Amended Complaint, the Court finds that there are questions of law and fact common to the Plaintiff Stone and the members of the proposed class, including whether Defendants transmitted a fax, unsolicited, which advertised the commercial availability of Defendants' property, goods, or services, and whether in doing so, Defendants acted knowingly.  Therefore, the Court finds that Plaintiff Stone has satisfied the commonality requirement of Rule 23(a)(2).

### 3.   Fed. R. Civ. P. 23(a)(3) – Typicality

The third prerequisite of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "Factual differences will not defeat typicality if the named plaintiffs' claims arise from the same event or course of conduct that gives rise to the claims of class members and are based on the same legal theory."  *Frank v. Gov't of Virgin Islands*, 2010 WL 1286077, at *3 (D.V.I. Mar. 31, 2010) (citing *Danvers Motors Co., v. Ford Motor Co.*, 543 F.3d 141, 150 (3d Cir. 2008)).  Here, Plaintiff Stone's claim, and the claims of all of the putative class members, is that Defendants transmitted an unsolicited fax advertisements in violation of the TCPA.  Therefore, the Court finds that Plaintiff Stone's claim arises from the same conduct, and is based on the same legal theory, as the claims of the putative class, and the typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied.

### 4.   Fed. R. Civ. P. 23(a)(4) – Adequacy

The fourth and final prerequisite of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "[T]he adequacy of representation inquiry tests the qualifications of the counsel to represent the class ...

[and] serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 312 (3d Cir. 1998) (citing *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 625 (1997)) (internal citations omitted).

The Court finds that Plaintiff Stone has shown that Plaintiff Stone, and its counsel, are adequately qualified to represent the class. First, Plaintiff Stone has the same interests as the members of the proposed class in that all will have received unsolicited fax advertisements from Defendants. Second, there is nothing in the record that suggests there is a conflict of interest between Plaintiff Stone and members of the proposed class. Third, having reviewed the "Law Firm Resume" of Plaintiff Stone's counsel (*see* Doc. 37-4), the Court is satisfied that the proposed class counsel will fairly and adequately represent the class. Specifically, the firm with which Plaintiff Stone's counsel practices is an experienced class action and commercial litigation firm that focuses on consumer class actions such as TCPA class action lawsuits. (*Id.*). Therefore, the Court finds that the adequacy requirement of Fed. R. Civ. P. 23(a)(4) is satisfied.

B.      Rule 23(b)(2) and (b)(3)

Having concluded that Plaintiff Stone has satisfied the prerequisites of Rule 23(a), the next query is whether Plaintiff Stone has established that the prerequisites of Rule 23(b)(2) and Rule 23(b)(3) are satisfied. (*See* Doc. 37 at 9, 12).

1. Certification pursuant to Rule 23(b)(2)

Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). In support of its contention that the putative class should be certified pursuant to Rule 23(b)(2),

Plaintiff Stone asserts:

> Defendants subjected Plaintiff and the Class to a uniform course of conduct. Defendants sent unsolicited fax advertisements that marketed their products and services to at least one thousand individuals with whom it had no prior business dealings or consent. Defendants also uniformly failed to apprise recipients of their ability to opt-out of receiving future faxes, as required by the JFPA. Importantly, Defendants concede that they acted in the exact same manner with respect to all members of the proposed Class. And Defendants concede that they continue to send unsolicited faxes to members of the Class.

(Doc. 37 at 12).

The Court agrees with Plaintiff Stone that it alleged, and Defendants admitted, that they engaged in a uniform course of conduct with respect to both Plaintiff Stone and the putative members of the Class, such that final injunctive relief "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Accordingly, the Court finds that Plaintiff Stone has established that the prerequisites of Rule 23(b)(2) are met, and Plaintiff's Renewed Motion for Class Certification shall be granted to the extent it is brought pursuant to Rule 23(b)(2).

2. Certification pursuant to Rule 23(b)(3)

Fed. R. Civ. P. 23(b)(3) states:

> the court [must] find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

a. Rule 23(b)(3) - Ascertainability of class

With respect to whether the putative class should be certified pursuant to Rule 23(b)(3), the first query is whether the class is ascertainable, an issue Plaintiff's Renewed Motion fails to address. (*See Byrd v. Aaron's Inc.,* 784 F.3d 154, 163 (3d Cir. 2015) (explaining where class certification pursuant to Rule 23(b)(3) is sought, "[i]n addition to the Rule 23(a) and (b)(3) requirements, the Third Circuit imposes another requirement under Rule 23: ascertainability"); *Hayes*, 725 F.3d at 354 (holding "[a]s an essential prerequisite to class certification, plaintiff must show by a preponderance of the evidence that the class is ascertainable") (internal quotation marks and citation omitted)

"To satisfy the ascertainability requirement, 1) 'the class must be defined with reference to objective criteria,' and 2) 'there must be a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition'." *Bernstein v. Serv. Corp. Int'l,* Civ. No. 17-4960, 2018 WL 6413316, at *3 (E.D. Pa. Dec. 6, 2018) (citations omitted). In making this determination,[1] the critical issue is "whether the defendant['s] records can ascertain class members and, if not, whether there is a reliable, administratively feasible alternative." *Marcus v. BMW of N. Am., LLC,* 687 F.3d 583, 594 (3d Cir. 2012). Notably, "[a] plaintiff may not merely propose a method for ascertaining a class without any evidentiary support that the method will be successful." *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013).

Although Plaintiff Stone failed to address the ascertainability of the proposed class in its Motion, because Defendants have been deemed to have admitted that they maintain records from

---

[1] "[A]scertainability is important because it 'eliminates serious administrative burdens . . . by insisting on the easy identification of class members;' allows for the best notice practicable, and thereby protects absent class members; and protects defendants by clearly identifying the individuals to be bound by the final judgment." *Hayes*, 725 F.3d at 355 (*citing* Marcus, 687 F.3d at 593.

which the identification of all persons to whom they sent the Exhibit A Fax can be determined, the Court finds that there exists "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Bernstein*, 2018 WL 6413316, at *3. (*See* Doc. 15-1 at 11, Doc. 17, Doc. 27-1 at 11, Doc. 28). Further, the Court finds that the proposed class is sufficiently "defined with reference to objective criteria." *Id.* Accordingly, the ascertainability of the class has been established by a preponderance of the evidence.

    b. Rule 23(b)(3) - Predominance

With respect to Rule 23(b)'s predominance requirement, in *Reinig*, the Court of Appeals explained:

> We have held that Rule 23(b)'s predominance requirement incorporates Rule 23(a)'s commonality requirement because the former, although similar, is "far more demanding" than the latter. *Id.* Like the commonality requirement, "[p]redominance tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Hydrogen Peroxide*, 552 F.3d at 310–11 (quotation omitted). However, the "predominance requirement imposes a more rigorous obligation upon a reviewing court to ensure that issues common to the class predominate over those affecting only individual class members*." Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 297 (3d Cir. 2011).
>
> At the class certification stage, the predominance requirement is met only if the district court is convinced that "the essential elements of the claims brought by a putative class are 'capable of proof at trial through evidence that is common to the class rather than individual to its members.'" *Gonzalez v. Corning,* 885 F.3d 186, 195 (3d Cir. 2018); *Tyson Foods, Inc. v. Bouaphakeo*, ––– U.S. ––––, 136 S.Ct. 1036, 1045, 194 L.Ed.2d 124 (2016) (citation omitted). In practice, this means that a district court must look first to the elements of the plaintiffs' underlying claims and then, "through the prism" of Rule 23, undertake a "rigorous assessment of the available evidence and the method or methods by which [the] plaintiffs propose to use the evidence to prove" those elements. *Marcus*, 687 F.3d at 600 (citing *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 630 (3d Cir. 2011) ). "If proof of the essential elements of the [claim] requires individual treatment, then class certification is unsuitable." *Newton v. Merrill Lynch, Pierce, Fenner & Smith In*c., 259 F.3d 154, 172 (3d Cir. 2001) (citation omitted).

*Reinig*, 912 F.3d at 127-128.

Plaintiff Stone argues that predominance is met because based upon the Requests for Admission which were deemed admitted due to Defendants' failure to respond thereto: (1) "Plaintiff and the Class were subjected to an identical course of conduct insofar as Defendants sent unsolicited fax advertisements to class members with whom they didn't have any prior business relationship and the faxes uniformly failed to apprise class members of their right to opt-out as required by the JFPA;" and (2) "Defendants concede that the common questions of whether their faxes were solicited and whether they contained lawful opt-out language predominate over any potential issues affecting individual members of the proposed Class."  (Doc. 37 at 13).

Given that Defendants are deemed to have admitted that the faxes sent to the putative members of the class were unsolicited and failed to apprise class members of their right to opt-out as required by statute, the Court finds that the predominance requirement is met.

    c.   Rule 23(b)(3) - Superiority

Finally, the Court finds that in light of the negligible damages available under the TCPA for a violation, that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Accordingly, the Court finds that Plaintiff Stone has established that the prerequisites of Rule 23(b)(3) are met, and Plaintiff's Renewed Motion for Class Certification shall be granted to the extent it is brought pursuant to Rule 23(b)(3).

IV. Conclusion

For the above stated reasons, it is ORDERED that Plaintiff's Renewed Motion for Class Certification (Doc. 36) is granted.

It is further ORDERED that the following class is certified: All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendants or on Defendants' behalf an unsolicited telephone facsimile message substantially similar to Exhibit A attached to Amended Complaint, (3) from whom Defendants claim they obtained prior express permission or invitation to send those faxes in the same manner as Defendants claim they obtained prior express consent to fax Plaintiff.

It is further ORDERED that Patrick H. Peluso is appointed as class counsel and Plaintiff Stone is appointed as class representative.

It is further ORDERED that Plaintiff Stone shall personally serve Defendants with a copy of this Memorandum Order.

SO ORDERED, this 4th day of December, 2019,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record